OPINION.
{¶ 1} This is an appeal from a judgment entry of the Ashtabula County Court of Common Pleas Juvenile Division. The events giving rise to the instant appeal are as follows:
 {¶ 2} On April 14, 1988, Antonia Jones (hereinafter "obligee") filed a complaint in the Ashtabula Court of Common Pleas, Juvenile Division, to establish that appellant was the father of two of her children. On July 14, 1988, appellant was adjudged the father of the two children and ordered to pay support in the amount $7.15 per week, plus 2% poundage starting August 5, 1988. Some two weeks subsequent to the July 14, 1988 judgment entry, appellant and obligee were arrested for the death of one of their children. Appellant was sent to prison after being convicted of the charge relating to the arrest. Appellant is currently incarcerated at the Lake Erie Correctional Institution ("LECI").
 {¶ 3} The Ashtabula County Children Services Enforcement Agency ("ACCSEA") initiated the current dispute by issuing a notice of default alleging that appellant was in arrears of his support obligation. An administrative review hearing was conducted and the Administrative Hearing Officer issued a report of findings and recommendations to which appellant objected. A hearing was scheduled on the objections to the referee's report for November 9, 2000. Prior to the hearing, on November 1, 2000, appellant made a request for a continuance and appointment of counsel. In her decision entry to the November 9, 2000 hearing, the magistrate denied appellant's request for a continuance and appointment of counsel. However, for reasons not disclosed, the magistrate rescheduled the matter for October 1, 2001, at which time appellant was advised that he could appear by telephone.
 {¶ 4} On September 24, 2001, the magistrate contacted the prison where appellant was incarcerated in the interest of making arrangements for appellant to use a telephone for the October 1, 2001 hearing. Appellant appeared by telephone on October 1, 2001 for the hearing; however, the matter was rescheduled for January 31, 2002 because the ACCSEA did not have a complete history of appellant's payment(s). The magistrate also ordered the ACCSEA to complete an audit of the case in preparation for the January 31, 2002, hearing. Pursuant to the magistrate's order, the ACCSEA was to complete the audit by December 14, 2001, send copies of the results to the parties, and present the results at the next hearing.
 {¶ 5} On January 31, 2002, a final hearing was conducted before the magistrate pursuant to appellant's objections to the administrative default order. However, the record provides no indication that appellant was telephonically or otherwise present. In her March 8, 2002 order the magistrate found that appellant's duty to pay child support terminated on August 1, 1997 and that appellant owed $3319.48 plus $66.09 processing charge through July 31, 1997. On March 19, 2002, appellant filed objections to this order. However, in its judgment entry, the court adopted the decision of the magistrate as its decision. This timely appeal ensued.
 {¶ 6} Appellant asserts the following assignments of error:
 {¶ 7} "[1.] The trial court erred to the prejudice appellant [sic] by denying him a meaningful opportunity to be heard pursuant to his due process and equal protection rights of the United States and Ohio constitutions.
 {¶ 8} "[2.] The court erred and abused its discretion by granting the appellee's motion and denying appellant the right to be heard and present evidence in [sic] behalf of his contentions.
 {¶ 9} "[3.] The trial court abused it's [sic] discretion and erred as a matter of law pursuant to civil Rule [sic] 37(A) (B)(2)(c).
 {¶ 10} "[4.] The appellant was denied his right to appointment of counsel pursuant to the United States and Ohio Constitutions for a fair and impartial trial."
 {¶ 11} In his first assignment of error, appellant takes issue with the court's failure to afford him an opportunity to present evidence and testimony to support his contentions that the ACCSEA did not correctly evaluate his income. In particular, appellant alleges that although a hearing was held on January 31, 2002 regarding his objections to the ACCSEA's findings and recommendations, he was not permitted to participate. As such, appellant claims his rights to due process and equal protection were violated. We disagree.
 {¶ 12} R.C. 3119.63 (Eff. Mar. 22, 2001) addresses the review process of a court support order and modification thereof. Subsection (E) of this statute states:
 {¶ 13} "The child support enforcement agency shall review a court child support order on the date established pursuant to section 3119.60
of the Revised Code for formally beginning the review of the order and shall do all of the following: * * * If the obligor or the obligee timely requests an administrative hearing on the revised child support amount, schedule a hearing on the issue, give the obligor and obligee notice of the date, time, and location of the hearing, conduct the hearing in accordance with the rules adopted under section 3119.76 of the Revised Code, redetermine at the hearing a revised amount of child support to be paid under the child support order, and give notice to the obligor and obligee of the revised amount of child support, that they may request a hearing on the revised amount, and that the agency will submit the revised amount of child support to the court for inclusion in a revised court child support order, if neither the obligor nor the obligee requests a court hearing on the revised amount of child support;"
 {¶ 14} O.A.C. 5101:1-30-404 (Eff. December 31, 1990) amplifies R.C. 3119.63 and addresses the procedure for a CSEA administrative review and adjustment hearing. 5101:1-30-404(J) provides, in relevant part:
 {¶ 15} "Each party shall be given the opportunity at the administrative adjustment hearing to present evidence and testimony to support his/her contention that the CSEA did not correctly evaluate the parties' income if such information was provided or did not make reasonable assumptions with respect to the income of the person(s) who failed to provide income information. Either party may bring a legal or other authorized representative to the hearing. * * *"
 {¶ 16} In the current case, the ACCSEA initiated the dispute by issuing a notice of default alleging that appellant was in arrears of his support obligation. Appellant objected to the Hearing Officer's findings and a hearing was scheduled to address his objections. A hearing was scheduled for October 1, 2001 whereby appellant could appear via telephone. The magistrate contacted the Unit Manager Supervisor of LECI, the facility in which appellant was incarcerated, to arrange appellant's telephonic presence. However, due to incomplete records, the magistrate rescheduled the hearing for January 31, 2002.
 {¶ 17} There is no evidence in the record indicating that the magistrate contacted the prison a second time to arrange for appellant's telephonic presence for the rescheduled hearing. Nevertheless, it is apparent that both appellant and LECI had notice of the rescheduled hearing, i.e., appellant was present telephonically when the magistrate rescheduled and a copy of her order was sent to LECI. However, appellant was not telephonically present for the January 31, 2002 hearing.
 {¶ 18} Pursuant to Ohio Adm. Code 5101:1-30-404(J), appellant was entitled to an opportunity to present evidence and testimony to support his contention that the CSEA did not correctly evaluate his income. Appellant argues that he was not afforded such an opportunity and therefore the court's decision runs afoul of due process.
 {¶ 19} Initially, we must note that an accurate assessment of appellant's income was easily verifiable by the ACCSEA. That is, the ACCSEA could obtain files documenting his prison income and account activity and make an accurate assessment of the arrearage from this data. In this respect, any harm resulting from the court's failure to include appellant via telephone is arguably harmless. However, we shall not dispose of appellant's argument on this basis because the constitutional dimensions of appellant's claim deserve direct attention.
 {¶ 20} That said, appellant's argument presupposes that either the court or the ACCSEA was obligated to ensure his presence at the hearing. However, as the statute reads, neither the court nor the ACCSEA had a duty to secure appellant's presence at the hearing, telephonically or otherwise. The court gave appellant notice and sent LECI a copy of the magistrate's order rescheduling the hearing. As such, the opportunity to be heard was available and the court did not unduly burden appellant's ability to take advantage of this opportunity. In our view, due process is not violated where neither the court nor the ACCSEA did not impede appellant's opportunity to be heard.
 {¶ 21} The relevant statutory provisions provide a party with a right to have an opportunity to present evidence and testimony. Such a right is a function of the administrative review procedure. In our view, appellant's opportunity to present evidence was rescheduled. However, as far as we can discern, both appellant and LECI had notice of the rescheduled date by virtue of the copy of the magistrate's order that the court mailed. In spite of this notice, there is no evidence in the record indicating appellant attempted to secure a telephone on the date of the hearing. Moreover, there is nothing to suggest that appellant attempted to contact the court or ACCSEA to help him secure a telephone for the hearing. As such, appellant's opportunity to present evidence and testimony availed itself on January 31, 2001 even though appellant failed to seize it. The statutory factors requiring appellant to be provided with notice and an opportunity to present evidence were satisfied. Consequently, we find no due process violation.
 {¶ 22} Similarly, insofar as appellant was provided an opportunity to present evidence and testimony to support his contention that the ACCSEA did not correctly evaluate his income, we fail to see an equal protection violation. Specifically, the statute requires a party to be given an opportunity. All similarly situated parties must be afforded the same opportunity. As our above analysis suggests, appellant had an opportunity to present evidence and testimony but failed to ensure the actualization of this opportunity. Thus, appellant's first assignment of error has no merit.
 {¶ 23} In his second assignment of error appellant alleges the court abused its discretion by denying him the right to be heard at the January 31, 2002 hearing. Again, we disagree.
 {¶ 24} When reviewing the propriety of a trial court's determination in a domestic relations case, we apply the "abuse of discretion" standard. Booth v. Booth (1989), 44 Ohio St.3d 142, 144. Since it is axiomatic that a trial court must have discretion to do what is equitable upon the facts and circumstances of each case, it necessarily follows that a trial court's decision in domestic relations matters should not be disturbed on appeal unless the decision involves more than an error of judgment. Id., citing Cherry v. Cherry (1981),66 Ohio St.2d 348, 355. Hence, the "abuse of discretion" standard is applied when reviewing matters concerning child support. An "abuse of discretion" implies that the court's attitude is unreasonable, arbitrary, or unconscionable. See, e.g. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 25} In the current matter, the court did not actively deny appellant his opportunity to present evidence or testimony regarding his objections. The record indicates that appellant had notice of the rescheduled hearing date and LECI was similarly notified through a copy of the magistrate's order. The fact that the court did not specifically order LECI to secure appellant's telephonic presence at the hearing on appellant's objection to the administrative default order was not an abuse of discretion. Therefore, appellant's second assignment of error is without merit.
 {¶ 26} In his third assignment of error, appellant argues that the trial court abused its discretion and erred as a matter of law pursuant to Civ.R. 37(A) and (B)(2)(c) by failing to forward copies of the ACCSEA's audit to him. In particular, in its November 7, 2001 order rescheduling appellants administrative review hearing to January 31, 2002, the magistrate ordered the ACCSEA to complete an audit of the case by December 14, 2001 and send copies of said audit to the parties involved.
 {¶ 27} It appears from the record the ACCSEA completed the report and two attempts were made to serve appellant with copies, both of which failed: The first attempt was sent to LECI on November 15, 2001. However, service failed because, for some unknown reason, the parcel was not deliverable as addressed to appellant. The second attempt was sent to a different institution, viz., Richland Correctional Institution in Mansfield, Ohio on November 21, 2001. This service also failed because the parcel did not have appellant's serial number on it.
 {¶ 28} Regardless of the details, however, appellant did not object to the ACCSEA's failure to deliver a copy of the report in his "Objections to the Magistrate's Decision." As such, appellant failed to preserve the claim for appeal. In Re: Guardianship of Brunstetter, (Aug. 7, 1998), 11th Dist. No. 97-T-0089, 1998 Ohio App. LEXIS 3635, at 6, citing Stores Realty Co. v. Cleveland (1975), 41 Ohio St.2d 41, 43. Failure to bring a claim or objection to the trial court's attention operates as a waiver of the claim or objection for appeal. Id.
 {¶ 29} Juv.R. 40 governs the use of magistrates in juvenile court. Pursuant to Juv.R. 40(E)(3)(a), a party may file written objections to the magistrate's decision within fourteen days after the filing of that decision. Juv.R.40(E)(3)(b), which parallels the language of Civ.R. 53(E)(3)(b) provides, in relevant part: "* * * A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Accordingly, if a party fails to file objections to the magistrate's decision pursuant to Juv.R. 40, he may not then raise the objections with the appellate court on review. See Batschv. Tress (Sept. 7, 2001), 11th Dist. No. 2000-P-0022, 2001 Ohio App. LEXIS 3990, at 9; Haas v. Haas, (Dec.31, 1997), 11th Dist. No. 96-G-2034, 1997 Ohio App. LEXIS 6038, at 14. As the Supreme Court of Ohio has noted, the failure to follow the procedural rules may result in a forfeiture of rights. Goldfuss v. Davidson (1997), 79 Ohio St.3d 116,122.
 {¶ 30} In this case, no objections were filed to the magistrate's order on this issue. Appellant had an opportunity to raise the objections after the magistrate's order was released and before the judge adopted the magistrate's decision. Insofar as he failed to do so, the errors he claims regarding ACCSEA's failure to deliver the report have been waived. Juv.R. 40(E)(3)(b).
 {¶ 31} In his fourth and final assignment of error, appellant argues that he was improperly denied his right to appointed counsel. Initially, we must note that appellant did not level an objection to the lower court's ruling on this issue. As indicated above, the failure to file a timely objection to the magistrate's decision operates to waive any error on that issue. Juv.R. 40(E)(3)(b).
 {¶ 32} Nevertheless, even if appellant had preserved this issue, his claim lacks merit. Juv.R. 4(A) states in pertinent part:
 {¶ 33} "Every party shall have the right to be represented by counsel and every child, parent, custodian, or other person in loco parentis [sic] the right to appointed counsel if indigent. These rights shall arise when a person becomes a party to a juvenile court proceeding. * * * This rule shall not be construed to provide for a right to appointed counsel in cases in which that right is not otherwise provided for by constitution or statute."
 {¶ 34} Ohio provides a statutory right to appointed counsel in juvenile proceedings that goes beyond constitutional requirements. Stateex rel. Asberry v. Payne (1998), 82 Ohio St.3d 44, 46. In particular, R.C. 2151.352, the statutory equivalent to Juv.R. 4(A), provides in relevent part:
 {¶ 35} "A child or the child's parents, custodian, or other person in loco parentis of such child is entitled to representation by legal counsel at all stages of the proceedings under this chapter * * * and if, as an indigent person, any such person is unable to employ counsel, to have counsel provided for the person pursuant to Chapter 120. of the Revised Code. If a party appears without counsel, the court shall ascertain whether the party knows of the party's right to counsel and of the party's right to counsel and of the party's right to be provided with counsel if the party is an indigent person. The court may continue the case to enable a party to obtain counsel or be represented by the county public defender or the joint county public defender and shall provide counsel upon request pursuant to Chapter 120. of the Revised Code."
 {¶ 36} In the current matter, appellant moved for appointment of counsel on November 1, 2000. On November 9, 2000, the court had a hearing pursuant to appellant's objections to the administrative default order. On August 8, 2001, the magistrate filed her order which, inter alia, stated that appellant, "had no right to counsel for a support arrearage hearing where he does not face any jail time." The magistrate's justification for denying appellant counsel was erroneous, i.e., her basis for denying counsel rests on the standard for appointing counsel (or denying such appointment) for a criminal defendant. As the current matter involves child support arrearage, it has no criminal dimensions. However, despite the errant reasoning, we nonetheless agree with the magistrate's conclusion.
 {¶ 37} Specifically, Juv.R. 4 clearly provides that an individual is entitled to appointed counsel only if that person is indigent.Botticher v. Stollings (Nov. 4, 1999), 3rd Dist. No. 11-99-08, 1999 Ohio App. LEXIS 6450, at 12. Moreover, R.C. 2151.352 also provides a right to representation for indigent persons. State ex rel. Asberry v. Payne
(1998), 82 Ohio St.3d 44, 48. Thus, a threshold requirement for appointment of counsel pursuant to the above rule and statute is indigency.
 {¶ 38} Appellant contends, in his brief, that his status as an indigent is patent as a result of the "Juvenile Court's prior findings during the July, 1988 custody matters before the Juvenile Court." Appellant's conclusion, however, is unpersuasive. To wit, the record does not reflect any past determination of appellant's status as an indigent during the proceedings he references. However, even if the court adjudicated appellant an indigent for purposes of the July 1988 proceedings, indigency is not a permanent condition. State ex rel.Sherrills v. Clerk of Courts of Franklin Co. (2001), 92 Ohio St.3d 402,403. As such, appellant's reliance on the alleged 1988 finding of indigency is misplaced. Hence, because appellant has not been formally adjudicated "indigent" for purposes of the current child arrearage matter, the right to appointed counsel has not been triggered.
 {¶ 39} For the reasons stated in this opinion, appellant's assignments of error have no merit. Therefore, the judgment of the Ashtabula County Court of Common Pleas, Juvenile Division is affirmed.
Judgment affirmed.
DIANE V. GRENDELL, J., concurs with concurring opinion.
WILLIAM M. O'NEILL, J., dissents with dissenting opinion.