OPINION
{¶ 1} Appellant, Shawn J. Shannon, appeals from a judgment entry of the Portage County Court of Common Pleas, Juvenile Division, awarding past child support payments to appellee, Phyllis M. Pfeifer. For the reasons that follow, we affirm.
 {¶ 2} The record discloses the following facts. Appellee is the biological mother of the minor child ("the child") at issue on this appeal. The child was born on September 30, 1989.
 {¶ 3} On October 5, 2001, appellee filed a complaint in the Portage County Court of Common Pleas, Juvenile Division, to determine the child's parentage. The complaint named appellant as the alleged biological father. Genetic testing revealed that appellant was in fact the child's biological father. As a result, an April 15, 2002 magistrate's decision and agreed judgment entry established appellant as the child's biological father, ordered that the child's birth certificate be modified to reflect appellant's status as the biological father, and ordered appellant to pay $225.66 per month in child support. However, the magistrate withheld any decision regarding an award for past child support payments for a later date.[1]
 {¶ 4} Appellant filed a September 26, 2003 motion for summary judgment. In particular, appellant maintained that he had no knowledge, as defined by R.C. 3111.13(F)(3)(a)(ii), of his relationship to the child. Thus, appellant concluded that past child support was not appropriate.
 {¶ 5} Appellee countered by filing a brief in opposition which argued there were genuine issues of material fact regarding appellant's knowledge of the father-son relationship. Thereafter, on October 4, 2002, the magistrate issued a decision denying appellant's motion for summary judgment. The magistrate determined there to be genuine issues of material fact with respect to appellant's knowledge of being the child's biological father.
 {¶ 6} On April 4, 2003, a hearing on the issue of past child support was held before the magistrate. At the conclusion of the hearing, the magistrate allowed each party to submit memorandums of law, supporting their respective legal positions.
 {¶ 7} After appellee filed her memorandum of law, appellant filed an April 28, 2003 memorandum, further detailing his arguments regarding past child support. Appellant argued that appellee was not entitled to past child support based upon her failure to inform him of the child's parentage and because he had no knowledge of the father-son relationship.
 {¶ 8} Appellee countered by filing a motion to strike appellant's memorandum. Appellee asserted that appellant's memorandum was not timely and improperly relied upon deposition testimony which had not been filed with the court.
 {¶ 9} On July 24, 2003, the magistrate issued a decision with respect to appellee's motion to strike and her request for past child support. First, the magistrate granted appellee's motion to strike, finding that appellant's memorandum relied upon deposition testimony which was not introduced into evidence and, therefore, could not be considered. The magistrate then proceeded to find that appellee was entitled to past child support. Specifically, the magistrate made the following relevant factual conclusions: (1) the parties were living together and involved in an intimate relationship; (2) after appellee became pregnant, they separated; (3) during appellee's pregnancy, she told appellant that he was the child's father; (4) subsequent to the child's birth, appellant attempted to visit the child; (5) when the child was two years old, appellant contacted appellee and notified her that he would be obtaining a lawyer to establish visitation rights; and (6) appellant was reluctant to "force" the issue of paternity because he thought appellee would deny him visitation.
 {¶ 10} Based upon these facts, the magistrate stated, "[i]t is the Decision of the Magistrate that [appellee] has proven by a preponderance of the evidence that [appellant] had knowledge and/or had reason to have knowledge of his alleged paternity of the child both prior and subsequent to the birth of the child and [appellee] is entitled to pursue her claim for past care."
 {¶ 11} On July 24, 2003, the juvenile court adopted the magistrate's decision and ordered that it be entered as a matter of record.
 {¶ 12} Thereafter, on August 18, 2003, appellant filed objections to the magistrate's decision and a motion to file an answer instanter. First, appellant noted that he had failed to file an answer to appellee's paternity complaint and requested the opportunity to answer the complaint to raise the affirmative defense of laches. Appellant then objected to the following: (1) the magistrate's decision to strike appellant's memorandum of law and failure to consider deposition testimony; (2) the magistrate's finding that appellant had knowledge of the child's paternity; and (3) the magistrate's reliance on appellant's affidavit statements as proof of his knowledge of paternity.
 {¶ 13} On September 25, 2003, the court issued a judgment entry denying appellant's request to file an answer instanter and overruling appellant's objections. Regarding appellant's request to file an answer, the court stated, "granting a Motion to File an Answer Instanter almost two (2) years after the initial filing of this case and after an adjudication of the issues in this case is not in the interest of justice and hereby Overruled."
 {¶ 14} The court further determined that appellant's objections to the magistrate's decision were not timely filed and appellant had failed to file a transcript of the magistrate hearing or affidavit of evidence. Accordingly, pursuant to Civ.R. 53, the court noted that it could not consider issues concerning the magistrate's findings of fact. Therefore, the court concluded because the magistrate made no errors of law, appellant's objections were overruled.
 {¶ 15} From this judgment, appellant filed a timely notice of appeal and sets forth the following five assignments of error:
 {¶ 16} "[1.] The trial court's judgment that appellant had `knowledge' or `reason to have knowledge' that he was the father of the child as that word and expression were intended in the context of the Ohio Revised Code § 3111.13(F)(4)(a) is against the manifest weight of the evidence and constitutes an abuse of discretion.
 {¶ 17} "[2.] The trial court erred in not considering deposition testimony offered in defendant's final memorandum notwithstanding that the deposition was not filed with the clerk's office and admitted as evidence.
 {¶ 18} "[3.] The magistrate erred in failing to conclude that the equitable doctrine of laches applied to prevent a retroactive support award.
 {¶ 19} "[4.] At the November 7, 2002 hearing, the magistrate erred in allowing the direct examination of plaintiff-appellee when defendant-appellant's counsel was not present and in spite of appellant's objection to going forward without his counsel.
 {¶ 20} "[5.] The trial court erred in not granting defendant's objections to the magistrate's decision."
 {¶ 21} Appellant's failure to submit timely objections precludes him from raising these objections on appeal. Juv.R. 40 governs the use of magistrates in juvenile court. Under Juv.R. 40(E)(3)(a), a party may file written objections to a magistrate's decision within fourteen days after the filing of the decision. Juv.R. 40(E)(3)(b) states in relevant part: "* * * A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Accordingly, if a party fails to file timely objections to the magistrate's decision as per Juv.R. 40(E)(3)(a), he may not then raise the objections with the appellate court on review. See, e.g., Jones v. Bowens, 11th Dist. No. 2002-A-0034, 2003-Ohio-5224, at ¶ 29; In re Clemens, 11th Dist. No. 2001-L-0004, 2002-Ohio-3370, at ¶ 30.
 {¶ 22} Here, as noted by the juvenile court, the magistrate's decision was filed on July 24, 2003. Appellant's objections were not filed until August 18, 2003. Thus, because appellant's objections were filed eleven days beyond the fourteen-day time limitation of Juv.R. 40(E)(3)(a), appellant is precluded from now raising his objections on appeal.
 {¶ 23} Furthermore, appellant's failure to provide the juvenile court with a transcript of the magistrate proceedings precludes him from raising factual objections on appeal.
 {¶ 24} Pursuant to Juv.R. 40(E)(3)(b):
 {¶ 25} "* * * Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of the evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
 {¶ 26} The duty to provide a transcript or affidavit of the evidence to the juvenile court rests with the party objecting to the magistrate's decision. In re O'Neal (Nov. 24, 2000), 11th Dist. No. 99-A-022, 2000 Ohio App. Lexis 5460, at 7. "This court has held on numerous occasions that the objecting party's failure to provide the juvenile court with a proper record per Juv.R. 40(E)(3)(b) constitutes waiver of the alleged error on appeal." Id., citing In re Stone (Sept. 15, 2000), 11th Dist. No. 99-L-109, 2000 Ohio App. LEXIS 4209; In re Pollis (May 8, 1998), 11th Dist. No. 97-T-0066, 1998 Ohio App. LEXIS 2122. See, also, Civ.R. 53(E).
 {¶ 27} A review of the record before us demonstrates that although appellant has now submitted transcripts of the relevant magistrate proceedings with this court, he failed to provide these transcripts or an affidavit of the evidence with the juvenile court. As a result, the court was unable to review the magistrate proceedings when determining the merit of appellant's objections. Based upon his failure to supply the juvenile court with a transcript or affidavit of the evidence, appellant has waived any alleged error to the magistrate's factual determinations and conclusions of law.
 {¶ 28} Nevertheless, despite appellant's failure to file timely objections and provide a transcript, the juvenile court was still obligated to review the magistrate's decision to determine whether there was an error of law or defect on the face of the magistrate's decision.Clemens at ¶ 30. See, also, Walther v. Newsome, 11th Dist. No. 2002-P-0019, 2003-Ohio-4723, at ¶ 22. Our own review of the magistrate's decision confirms that there was no defect on its face. As will be discussed, there is also no error of law on the face of the decision.
 {¶ 29} Under his first assignment of error, appellant argues that the magistrate erred in finding appellant had knowledge of his father-son relationship to the minor child. Appellant maintains that, based upon the evidence presented at the hearing, the magistrate's finding in this regard was against the manifest weight of the evidence.
 {¶ 30} As mentioned previously, appellant is precluded from challenging the magistrate's factual findings and conclusions of law. Nevertheless, in the case sub judice, the magistrate properly applied R.C. 3111.13(F)(3)(a), which provides:
 {¶ 31} "A court shall not require a parent to pay an amount for that parent's failure to support a child prior to the date the court issues an order requiring that parent to pay an amount for the current support of that child or to pay all or any part of the reasonable expenses of the mother's pregnancy and confinement, if both of the following apply:
 {¶ 32} "(i) At the time of the initial filing of an action to determine the existence of the parent and child relationship with respect to that parent, the child was over three years of age.
 {¶ 33} "(ii) Prior to the initial filing of an action to determine the existence of the parent and child relationship with respect to that parent, the alleged father had no knowledge and had no reason to have knowledge of his alleged paternity of the child."
 {¶ 34} The magistrate's decision expressly stated, "the evidence clearly established that [appellant] had knowledge, or even more importantly, `had reason to have knowledge' that he was the father of the minor child." The magistrate's conclusion was predicated upon its factual findings that appellee informed appellant that he was the biological father prior and subsequent to the child's birth, and appellant desired to establish visitation and paternity prior to the establishment of paternity. Moreover, the magistrate determined that the child was born on September 30, 1989; thus, the child was over the age of three at the time of the initial filing of the paternity complaint. Appellant is prohibited from contesting the validity of these factual findings.
 {¶ 35} Because the magistrate applied the appropriate statute and presented sufficient factual findings satisfying the statutory requirements, there is no error of law on the face of the decision. Appellant's first assignment of error is without merit.
 {¶ 36} Under his second assignment of error, appellant argues that the magistrate erred in granting appellee's motion to strike. Specifically, appellant contends that, notwithstanding his failure to file deposition transcripts with the juvenile court, the court should have considered the deposition testimony included in his memorandum.
 {¶ 37} Civ.R. 30(E) governs depositions and provides as follows:
 {¶ 38} "Upon request of any party or order of the court the officer shall transcribe the deposition. The officer shall certify on the transcribed deposition that the witness was fully sworn or affirmed by the officer and that the transcribed deposition is a true record of the testimony given by the witness."
 {¶ 39} In accordance with Civ.R. 30(E), this court has stated, "a deposition transcript must be authenticated before it can be considered as legally acceptable evidence for summary judgment purposes."Trimble-Weber v. Weber (1997), 119 Ohio App.3d 402, 406. Although appellant was not relying upon the deposition testimony to support a motion for summary judgment, the purposes of requiring authenticated deposition testimony are applicable to the case at bar. Namely, without authentication the magistrate was unable to determine whether the deposition testimony cited to in appellant's memorandum of law was a true record of the sworn testimony.
 {¶ 40} Appellant's failure to file authenticated deposition testimony with the court precluded the magistrate from considering the testimony cited to in appellant's memorandum of law. Therefore, there is no error of law on the face of the decision with respect to the magistrate granting appellee's motion to strike. Appellant's second assignment of error is without merit.
 {¶ 41} Under his third assignment of error, appellant contends that the magistrate erred in failing to apply the equitable doctrine of laches to prevent past child support. In doing so, appellant maintains that the evidence confirms the elements of laches were established, thereby precluding retroactive support.
 {¶ 42} Appellant first set forth the affirmative defense of laches as part of his objections to the magistrate's decision. Included with his objections was a request for leave of court to file an answer raising the defense of laches. At no time prior to these objections did appellant assert laches as a defense.
 {¶ 43} The juvenile court appropriately denied appellant's request to file an answer allowing him the opportunity to raise the affirmative defense of laches. Civ.R. 15(A) allows a party to amend a pleading "by leave of court or by written consent of the adverse party." The decision to grant leave is within the trial court's sound discretion. Rozzi v. TheCafaro Company, 11th Dist. No. 2001-T-0090, 2002-Ohio-4817, at ¶ 16. Absent an abuse of discretion, this court will not reverse the juvenile court's determination. Id. An abuse of discretion connotes more than just an error of law or judgment; rather, it demonstrates that the juvenile court's decision was unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 44} The juvenile court's September 25, 2003 judgment entry found that appellant's first request to file an answer raising the affirmative defense of laches occurred almost two years after the initial filing of the paternity complaint. Accordingly, the court concluded, "granting a Motion to File an Answer Instanter almost two (2) years after the initial filing of this case is not in the interest of justice and hereby Overruled."
 {¶ 45} The foregoing confirms that the court's denial of appellant's request to file an answer was not an abuse of discretion. Clearly, the court determined that appellant's request was raised so late in the proceedings that leave of court was not proper. We agree, as this matter had already proceeded through the magistrate hearings, the magistrate's decision, and objections to the magistrate's decision. Thus, the court appropriately denied appellant's request to amend the pleadings, and his third assignment of error is without merit.
 {¶ 46} That being said, laches is an affirmative defense and is waived if not raised in the pleadings or in an amendment to the pleadings. Civ.R. 8(C). See, also, Jim's Steak House, Inc. v. Cleveland,81 Ohio St.3d 18, 20, 1998-Ohio-440. Appellant's failure to raise laches as an affirmative defense in his pleadings has acted to waive this defense. For this additional reason, appellant's third assignment of error is without merit.
 {¶ 47} Under his fourth assignment of error, appellant argues that during a November 7, 2002 hearing, the magistrate erred in allowing appellee's direct examination to continue when appellant's counsel was not present. Appellant maintains that, despite his objections, the court proceeded with the hearing and forced him to involuntarily act as his own counsel.
 {¶ 48} Neither appellant, the magistrate, nor the juvenile court referred to the factual circumstances surrounding the absence of appellant's counsel at the magistrate hearing. Moreover, although appellant has filed a transcript of the November 7, 2002 hearing with this court, we are precluded from examining it as appellant failed to file such transcript with the juvenile court. There is simply no evidence supporting appellant's factual allegations. Nor is there any evidence that appellant properly objected to the alleged error. Thus, we will presume the regularity of the lower court's proceedings. Appellant's fourth assignment of error is without merit.
 {¶ 49} Under his fifth assignment of error, appellant argues that the juvenile court erred in not sustaining his objections to the magistrate's decision. In support of his argument, appellant relies upon those arguments incorporated within his previous four assignments of error.
 {¶ 50} Our review of the first four assignments of error has failed to find any merit in appellant's contentions. Thus, appellant's fifth assignment of error is without merit.
 {¶ 51} Based upon the foregoing analysis, appellant's five assignments of error are without merit.[2] We hereby affirm the judgment of the juvenile court.
Ford, P.J., concurs,
O'Neill, J., dissents with Dissenting Opinion.
[1] The past child support payments had accrued from the child's birth until the determination of appellant's status as the child's biological father.
[2] Although both parties dispute the constitutionality of R.C.3111.13(F), our holding has determined that this section's statutory prerequisites have not been met. Thus, because the statute does not apply, we will forego a review of its constitutionality. See, e.g., Stateex rel. Donovan v. Zajac, 11th Dist. No. 2001-G-2331, 2001-Ohio-4294. But, see, Smith v. Smith, 157 Ohio App.3d 778, 2004-Ohio-3552, at ¶18, (holding that applying R.C. 3111.13(F) retroactively is unconstitutional).