OPINION *Page 2 
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} Defendant-Appellant, Frank C. Brown, Jr., appeals the judgment of the Hancock County Court of Common Pleas, Juvenile Division, denying his motion to modify his child support obligation. On appeal, Brown asserts that the trial court erred when it failed to ensure that all indispensable parties were present and represented by counsel for the proceedings; when it failed to require counsel for the Child Support Enforcement Agency to file documents in compliance with Local Rules 12 and 13; when it failed to comply with Local Rule 14 when preparing and filing judgment entries; when it failed to order the Child Support Enforcement Agency to abide by and uphold the statutory mandated provisions of the Ohio Administrative Code 5101:12-60-05 et seq. and R.C. 3119.60 et seq. when reviewing a child support order; when it failed to abide by its duty to uphold the laws of Ohio and the United States when presented with a request for a review *Page 3 
of a child support order; and, when it abused its discretion in failing to uphold the laws and constitutions of Ohio and the United States by discriminating against him. Based on the following, we affirm the judgment of the trial court.
 {¶ 3} Frank Brown and Kathleen Hageman are the parents of Frank Christopher, IV (D.O.B. April 21, 1992), Caleb Michael (D.O.B. July 10, 1993), Garrett Neal (D.O.B. June 22, 1996), and Alicia Kay (D.O.B. January 28, 2000) (Frank IV, Caleb, Garrett, and Alicia Brown hereinafter collectively referred to as "the children"). Brown and Hageman never married.
 {¶ 4} In February 2002, the trial court granted Hageman custody of the children.
 {¶ 5} In June 2003, the trial court ordered Brown to pay Hageman $332.07 in child support per month. Subsequently, Brown filed a pro se motion requesting an order for child support modification pursuant to R.C. 3121.031 due to the fact that he became incarcerated. Thereafter, the trial court denied Brown's motion, explaining that incarceration is not a sufficient reason to modify support.
 {¶ 6} In August 2003, Brown filed another pro se motion requesting recalculation of his child support order pursuant to R.C. 3119.79. Thereafter, the trial court denied Brown's motion, explaining that his "motion for recalculation" was no different than his June 2003 motion for child support modification. *Page 4 
 {¶ 7} In September 2003, Brown appealed the trial court's denial of his motion for recalculation to this Court.
 {¶ 8} In October 2003, this Court dismissed Brown's appeal for want of prosecution.
 {¶ 9} In July 2006, the Hancock County Child Support Enforcement Agency (hereinafter referred to as the "CSEA") conducted an administrative adjustment hearing, apparently at Brown's request, and found that Brown was incarcerated with an anticipated release date in 2017; that Brown makes $17.00 per month; and, that it was appropriate to impute Brown's earnings prior to incarceration for purposes of calculating child support because his reduction in earnings was self-induced by his criminal conduct. Accordingly, the CSEA recommended that Brown's obligation to pay Hageman $332.07 per month remain in effect. Thereafter, Brown filed objections to the magistrate's recommendation, stating that the CSEA failed to use the current income of the parties in conducting that administrative adjustment review hearing; that the CSEA did not comply with R.C. 3119.05 in calculating his gross income; and, that the CSEA inappropriately considered factors not permitted by R.C. 3119.05 in calculating his gross income. Additionally, Brown requested a state hearing to review the calculation.
 {¶ 10} In August 2006, the CSEA requested a state hearing on modification of child support pursuant to Brown's request. Thereafter, Brown filed a pro se *Page 5 
motion requesting that the trial court strike the CSEA's request for a hearing, stating that the CSEA failed to comply with Civ. R. 5(D) and Local Rule 12.
 {¶ 11} In September 2006, Brown filed a pro se motion requesting permission to attend the state hearing via video or telephone. Additionally, Brown filed a pro se motion requesting appointment of counsel due to indigence pursuant to Juv. R. 4(A). Subsequently, the trial court granted Brown permission to attend the modification hearing via video or telephone and denied Brown's motion for appointment of counsel.
 {¶ 12} In October 2006, Brown filed an affidavit of disqualification against Judge Allan H. Davis, Magistrate Elizabeth Candler, and Magistrate Karen Elliot, asserting that they were biased and prejudiced against him. Thereafter, the Supreme Court of Ohio denied Brown's affidavit of disqualification.
 {¶ 13} In December 2006, the trial court conducted the hearing on the CSEA's motion to modify support and Brown's objection to the administrative decision.
 {¶ 14} In April 2007, the magistrate found that Brown's child support should not be modified because, pursuant to In re Pease, 3d Dist. No. 10-05-21, 2006-Ohio-2785, incarceration alone is not grounds to modify child support. Thereafter, Brown filed objections to the magistrate's decision. Additionally, *Page 6 
Brown filed a pro se motion requesting transcription of the December 2006 support modification hearing at State expense.
 {¶ 15} In June 2007, the trial court denied Brown's motion for transcription finding that "[Brown] fails to cite authority where he is entitled to a transcript at public expense in a civil proceeding even if found to be indigent." (June 2007 Journal Entry, p. 1).
 {¶ 16} In July 2007, the trial court overruled Brown's objections to the magistrate's April 2007 decision on the basis that Brown failed to provide a transcript pursuant to Juv. R. 40(E)(3)(b)(iii). Additionally, the trial court adopted the magistrate's decision in its entirety.
 {¶ 17} In August 2007, Brown requested appointment of counsel and transcripts for the purpose of appeal, which the trial court denied.
 {¶ 18} It is from the trial court's July 2007 judgment entry that Brown appeals, presenting the following assignments of error in a pro se brief for our review.
 Assignment of Error No. I THE TRIAL COURT ERRED WHEN IT FAILED TO ENSURE THAT ALL INDISPENSABLE PARTIES WERE ALWAYS REPRESENTED BY COUNSEL AND INQUIRE INTO THEIR FINANCIAL STATUS. *Page 7 
 Assignment of Error No. II THE TRIAL COURT ERRED WHEN IT FAILED TO ENSURE THAT ALL INDISPENSABLE PARTIES WERE PRESENT FOR THE PROCEEDING.
 Assignment of Error No. III THE TRIAL COURT ERRED WHEN IT FAILED TO REQUIRE COUNSEL FOR THE CSEA TO FILE DOCUMENTS THAT COMPORT TO LOCAL RULE 12 AND 13 FOR CERTIFICATES OF DELIVERY BY COUNSEL.
 Assignment of Error No. IV THE TRIAL COURT ERRED WHEN IT FAILED TO FOLLOW THE PROVISIONS OF LOCAL RULE 14 WHEN PREPARING AND FILING JUDGMENT ENTRIES IN ACCORDANCE WITH CIVIL AND JUVENILE RULES OF PROCEDURE.
 Assignment of Error No. V THE TRIAL COURT ERRED WHEN IT FAILED TO ORDER THE CSEA TO ABIDE BY AND UPHOLD THE STATUTORY MANDATED PROVISIONS OF THE OHIO ADMINISTRATIVE CODES 5101:12-60-05 ET SEQ. AND THE OHIO REVISED CODES § 3119.60 ET SEQ. WHEN REVIEWING A COURT CHILD SUPPORT ORDER.
 Assignment of Error No. VI THE TRIAL COURT ERRED WHEN IT FAILED TO DULY ABIDE BY AND UPHOLD ITS SWORN DUTY TO UPHOLD THE LAWS OF THE STATE OF OHIO AND THE UNITED STATES OF AMERICA AND STATUTORY MANDATED PROVISIONS OF OHIO REVISED CODE § 3119.01 ET SEQ. AND U.S.C. TITLE 42 § 666(A)(10) WHEN PRESENTED WITH A REQUEST FOR A REVIEW OF A COURT CHILD *Page 8 SUPPORT ORDER AS SET FORTH IN ORC § 3119.60 THROUGH § 3119.79 AND § 3111.13(E).
 Assignment of Error No. VII THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FAILED IN ITS SWORN DUTY TO UPHOLD THE LAWS AND CONSTITUTIONS OF THE UNITED STATES OF AMERICA AND THE STATE OF OHIO WHEN IT BLATANTLY AND OPENLY DISCRIMINATED AGAINST THE DEFENDANT-APPELLANT.
 Assignment of Error No. I {¶ 19} In his first assignment of error, Brown contends that the trial court erred when it failed to ensure that all indispensable parties were represented by counsel and inquire into their financial status. Specifically, Brown asserts that he was entitled to appointed counsel pursuant to R.C. 2151.352 and Juv. R. 4(A) in his civil action to modify his child support obligation. We disagree.
 {¶ 20} R.C. 2151.352 governs the right to counsel in juvenile proceedings and provides, in pertinent part:
 A child, the child's parents or custodian, or any other person in loco parentis of the child is entitled to representation by legal counsel at all stages of the proceedings under this chapter or Chapter 2152. of the Revised Code. If, as an indigent person, a party is unable to employ counsel, the party is entitled to have counsel provided for the person pursuant to Chapter 120. of the Revised Code except in civil matters in which the juvenile court is exercising jurisdiction pursuant to division * * * (F)(1) or (2) of section 2151.23 of the Revised Code.
R.C. 2151.352 (Emphasis added). *Page 9 
 {¶ 21} Juv. R. 4 provides that:
 Every party shall have the right to be represented by counsel and every child, parent, custodian, or other person in loco parentis the right to appointed counsel if indigent. These rights shall arise when a person becomes a party to a juvenile court proceeding. When the complaint alleges that a child is an abused child, the court must appoint an attorney to represent the interests of the child. This rule shall not be construed to provide for a right to appointed counsel in cases in which that right is not otherwise provided for by constitution or statute.
Juv. R. 4(A) (Emphasis added).
 {¶ 22} Here, Brown's argument focuses on the general assertions of R.C. 2151.352 and Juv. R. 4(A), without noting their exceptions. R.C. 2151.352 states that a party is entitled to appointed counsel "under this chapter or chapter 2152." Here, Brown sought child support modification under R.C. 3119.79, thus, R.C. 2151.352 does not apply to his action. Further, R.C. 2151.352 expressly exempts from the appointed counsel requirement civil matters in which the juvenile court is exercising jurisdiction pursuant to 2151.23(F)(2), which concerns the juvenile court's jurisdiction in child support matters. Also, Juv. R. 4(A) states that the rule does not provide for a right to appointed counsel in cases in which that right is not otherwise provided. Accordingly, as Brown was not entitled to counsel in seeking child support modification, the trial court did not err in declining to appoint counsel.
 {¶ 23} Accordingly, we overrule Brown's first assignment of error. *Page 10 
 Assignment of Error No. II {¶ 24} In his second assignment of error, Brown contends that the trial court erred when it failed to ensure that all indispensable parties were present for the proceeding. Specifically, Brown asserts that the trial court erred in "requesting" instead of "ordering" the prison warden to permit him to attend the hearing via telephone and that the trial court erred in failing to cite Hageman in contempt for failure to appear at the hearing. We disagree.
 {¶ 25} Brown cites Mancino v. Lakewood (1987), 36 Ohio App.3d 219, andShepard Grain Co. v. Creager, 160 Ohio App.3d 377, 2005-Ohio-1717, in support of his proposition that he had a right to attend the hearing. However, Mancino held that "[generally, prisoners who bring civil actions have no constitutional right to be personally present at any stage of the judicial proceedings." 36 Ohio App.3d at paragraph one of the syllabus. Creager acknowledged that, "[t]he United States Supreme Court has specifically `chosen not to extend to [prisoners] the Fourteenth Amendment due process right to physical access to the courts.'" 160 Ohio App.3d at 383, quoting Mancino,36 Ohio App.3d at 221. Additionally, Mancino and Creager both held that whether a prisoner should be permitted to attend a trial depends on the particular circumstances of each case and the following factors, among others, should be considered: "(5) the substantiality of the matter at issue; * * * (8) the probability of success on the merits; and (9) the prisoner's interest in *Page 11 
presenting his testimony in person rather than by deposition."Mancino, at paragraph two of the syllabus; Creager, 2005-Ohio-1712, ¶ 18. Here, the matter at issue was the denial of Brown's request for a reduction of his child support obligation, the probability of success on the merits was nearly nonexistent under Pease, supra, and Brown has presented no reasons demonstrating his interest in personally presenting testimony at the hearing. In fact, we note that Brown's prison income was easily discernable from his prison records.
 {¶ 26} Further, courts have found that neither the trial court nor the CSEA has a duty to secure an incarcerated defendant's presence at such a hearing, by telephone or otherwise. Jones v. Bowens, 11th Dist. No. 2003-A-0034, 2003-Ohio-5224, ¶ 20. In Jones, the trial court permitted an incarcerated defendant to appear at a hearing via telephone and gave both the defendant and the prison notice of the hearing. Jones found that "[t]he relevant statutory provisions provide a party with a right to have an opportunity to present evidence and testimony * * *[and the defendant's] opportunity to present evidence and testimony availed itself * * * even though [the defendant] failed to seize it."Jones, 2003-Ohio-5224, ¶ 21. Accordingly, the court concluded that, "the statutory factors requiring [the defendant] to be provided with notice and an opportunity to present evidence were satisfied." Id. *Page 12 
 {¶ 27} Here, the trial court similarly provided both Brown and the prison with notice of the hearing and sent the prison a request to permit Brown to appear by telephone. Accordingly, under Jones, the statutory factors were satisfied and the trial court had no duty to secure Brown's presence, physically or by telephone, at the hearing. Thus, the trial court did not err in declining to "order" the warden to permit Brown to attend the hearing.
 {¶ 28} Finally, Brown contends that the trial court erred by failing to cite Hageman in contempt for failure to attend the hearing. However, "the determination whether a party has violated a court order and should be cited for contempt of court is within the sound discretion of the trial court." Boone v. Brown, 3d Dist. No. 5-06-14, 2006-Ohio-5967, ¶ 5, citing Thomas v. Barnhouse, 2d Dist. No. 2003-CA-22, 2004-Ohio-77. Therefore, the trial court did not err in declining to cite Hageman in contempt.
 {¶ 29} Accordingly, we overrule Brown's second assignment of error.
Assignment of Error No. III
 {¶ 30} In his third assignment of error, Brown contends that the trial court erred in failing to require the CSEA to file documents in accordance with Local Rules 12 and 13 for certificates of delivery by counsel. Specifically, Brown asserts that a CSEA motion did not include a certificate of service indicating proper service on him and that compliance with Local Rule 13 is not possible when a pro *Page 13 
se litigant is involved because it requires delivery of pleadings in an attorney's drawer. We disagree.
 {¶ 31} First, Brown fails to recognize that the CSEA motion requesting a hearing was accompanied by a praecipe directing the clerk of court to serve the hearing request, summons, and accompanying documents on both Brown and Hageman. Accordingly, the motion complied with all applicable rules. Further, Hancock County Local Rule 13 states, in pertinent part:
 Where the copies of pleadings, motions, briefs, memoranda and other papers have been placed in the appropriate attorney's drawer in the Clerk of Court's office * * * it shall be deemed by the Court as delivery to counsel pursuant to the requirements of the Ohio Rules of Civil Procedure.
 {¶ 32} (Hancock County Local Rule 13(B)). Clearly, the rule is not intended to replace the Ohio Rules of Civil Procedure, and only concerns delivery to attorneys. Thus, as Brown was acting pro se, the rule was not even applicable to the CSEA's motion.
 {¶ 33} Accordingly, we overrule Brown's third assignment of error.
 Assignment of Error No. IV {¶ 34} In his fourth assignment of error, Brown contends that the trial court erred when it failed to comply with Local Rule 14 and the Civil and Juvenile Rules of Procedure in preparing and filing judgment entries. Specifically, Brown asserts that the magistrate entered a "decision," which she had no authority to issue, and *Page 14 
that the magistrate further erred by referring to the "decision" as an "opinion"; that the trial court failed to address the issues presented in his objections to the magistrate's decision or to apprise him of his right to appeal; and, that the clerk failed to serve him with notice of an appealable order. We disagree.
 {¶ 35} Juv. R. 40 governs magistrates in juvenile court and provides, in pertinent part:
 (4) Action of court on magistrate's decision and on any objections to magistrate's decision; entry of judgment or interim order by court.
 (a) Action of court required. A magistrate's decision is not effective unless adopted by the court.
 (b) Action on magistrate's decision. Whether or not objections are timely filed, a court may adopt or reject a magistrate's decision in whole or in part, with or without modification. * * *
Juv. R. 40(D) (emphasis sic). Here, Brown argues that the magistrate had no authority to issue the April 2007 decision because magistrates have no authority to issue a final judgment under Civ. R. 53. Initially, we note that Civ. R. 53 is not applicable here, as this is a juvenile case. Juv. R. 40 applies and is identical to Civ. R. 53 in the pertinent sections. Under Juv. R. 40, the magistrate's decision was not a final judgment, but was a decision properly adopted by the trial court in its June 2007 judgment entry.
 {¶ 36} Further, Brown argues that the magistrate erred by directing in her April 2007 decision that "Attorney Mary Hool shall prepare a Judgment Entry consistent with this opinion." However, the record reflects that the magistrate's *Page 15 
decision does not state this, but directs that "Attorney Mary Hool shall prepare a Judgment Entry consistent with this Decision." Further, the decision is entitled "Magistrate's Decision." Thus, Brown's argument is erroneous.
 {¶ 37} Additionally, Brown contends that the trial court failed to address the issues he presented in his objections to the magistrate's decision. However, the trial court's June 2007 journal entry overruling his objections clearly states that the trial court was precluded from reviewing Brown's objections because he failed to provide a transcript as required by Juv. R. 40(E)(3)(b)(iii). Additionally, the trial court clearly stated in the June 2007 judgment entry that it "has ruled on numerous occasions that it will not [modify Brown's support obligation] solely due to [Brown's] incarceration." (June 2007 Judgment Entry, p. 2).
 {¶ 38} Finally, Brown contends that the trial court failed to serve him with notice of appealable orders. However, missing from Brown's allegation is any citation to the record indicating to which orders he refers. It is the appellant's burden to present the reasons for his contentions with appropriate citations. App. R. 16(A)(7). Accordingly, we need not consider this argument further. App. R. 12(A)(2).
 {¶ 39} Accordingly, we overrule Brown's fourth assignment of error. *Page 16 
 Assignments of Error Nos. V VI {¶ 40} In his fifth assignment of error, Brown contends that the trial court erred when it failed to order the CSEA to abide by Ohio Administrative Codes 5101:12-60-05 et seq. and R.C. 3119.60 et seq. in reviewing the child support order. Specifically, Brown asserts that the CSEA was required to perform a review of his support order and failed to do so despite being ordered to by the State; that the CSEA circumvented the mandated review by holding an administrative adjustment review hearing; and, that the CSEA's actions were untimely. In his sixth assignment of error, Brown contends that the trial court failed to uphold the laws of Ohio and the United States, specifically R.C. 3119.60
through 3119.79, R.C. 3111.13(E), and U.S.C. Title 42 § 666(a)(10), when presented with a request for a review of a court child support order. Specifically, Brown asserts that the trial court was biased, discriminatory, and prejudicial towards him because he filed pro se motions for child support review. We disagree.
 {¶ 41} In regards to the fifth assignment of error, Brown contends that the CSEA failed to perform the review of his child support order, circumvented the review, and acted untimely. However, Brown's recourse for these allegations was to request a state hearing — which he was granted. Brown filed objections to the magistrate's decision in the state hearing, however, the trial court properly *Page 17 
overruled these objections because he failed to provide a transcript as required by Juv. R. 40.
 {¶ 42} Further, we note that under OAC § 5101:12-60-05.1(E), Brown was entitled to initiate an administrative review sooner than the standard thirty-six month guideline due to his incarceration[1]; however, a plain reading of this regulation shows that it does not require
modification of a child support order. Additionally, the record is clear that Brown received an administrative adjustment hearing in July 2006, that the CSEA recognized his income was $17 per month, and that the CSEA recommended no modification of his child support obligation because his reduction in earnings was self-induced by his criminal conduct, with which the trial court agreed. Accordingly, it appears that the applicable Ohio Administrative Code provisions and case law were followed at both the administrative and state levels. Finally, like the trial court, we are unable to determine what transpired at the hearing before the magistrate because Brown has failed to provide a transcript — thus, we can find no error. As the trial court properly overruled the objections, we cannot find that the trial court erred in failing to order the CSEA to abide by the Ohio Administrative Code and the Ohio Revised Code. *Page 18 
 {¶ 43} Additionally, concerning Brown's sixth assignment of error, as the trial court properly overruled his objections to the magistrate's decision, Brown has failed to demonstrate any evidence that the trial court was biased, discriminatory, and prejudicial towards him because he filed his motion for child support review pro se.
 {¶ 44} Accordingly, we overrule Brown's fifth and sixth assignments of error.
 Assignment of Error No. VII {¶ 45} In his seventh assignment of error, Brown contends that the trial court abused its discretion when it failed to uphold the laws of Ohio and the United States when it blatantly and openly discriminated against him. Specifically, Brown asserts that the trial court has been biased, discriminatory, and prejudicial towards him because he is incarcerated; that the trial court always afforded Hageman the right to counsel, but not him; that, as a party to a juvenile court proceeding, he had a right to appointed counsel because he was indigent; and, that, consequently, this Court should appoint counsel for him, order the trial court to perform a statutorily mandated review of the court child support order, and remind the trial court of its duty to uphold laws. We disagree.
 {¶ 46} As already stated in our analysis of Brown's First, Fifth, and Sixth assignments of error, he was not entitled to court-appointed counsel in moving for *Page 19 
child support review and has failed to demonstrate that the trial court was biased, discriminatory, and prejudicial towards him. Although Brown complains that Hageman was granted the right to counsel and he was not, both he and Hageman were granted court-appointed counsel in the proceedings when required by law — during the initial proceedings to determine custody of the children and the resulting child support obligation. Accordingly, this Court declines to appoint him counsel, as he is not entitled to court-appointed counsel, declines to order the trial court to perform a statutorily mandated review of the child support order as it has already done so, and finds it unnecessary to remind the trial court of its duty to uphold laws as the trial court properly denied Brown's request for child support modification.
 {¶ 47} Accordingly, we overrule Brown's seventh assignment of error.
 {¶ 48} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 SHAW, P.J. and WILLAMOWSKI, J., concur.
[1] OAC § 5101:12-60-05.1(E)(5) specifies that such administrative review may be requested only where the party is incarcerated and "cannot pay support for the duration of the child's minority." We note that Brown's current term of incarceration is scheduled to end while his youngest child is still a minor. Thus, this provision is inapplicable as to this child. *Page 1