[Cite as *Hageman v. Brown*, 2009-Ohio-5432.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

KATHLEEN ANN HAGEMAN,           CASE NO. 5-09-20

    PLAINTIFF-APPELLEE,

  v.

FRANK C. BROWN, JR.,           O P I N I O N

    DEFENDANT-APPELLANT.

TINA BOONE (NKA JOHNSON) ET AL.,    CASE NO. 5-09-21

    PLAINTIFF-APPELLEE,

  v.

FRANK C. BROWN, JR.,           O P I N I O N

    DEFENDANT-APPELLANT.

**Appeal from Hancock County Common Pleas Court**
**Juvenile Division**
**Trial Court Nos. 97400132 and 890451**

**Judgments Affirmed**

**Date of Decision: October 13, 2009**

Case No. 5-09-20, 21

APPEARANCES:

    *Frank C. Brown, Jr.* **Appellant**

    *Mary L. Hool* **for Appellees**

**ROGERS, J.**

{¶1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.

{¶2} Defendant-Appellant, Frank C. Brown, Jr., appeals the judgments of the Court of Common Pleas of Hancock County, Juvenile Division, denying his motions requesting that the trial court order the Hancock County Child Support Enforcement Agency (hereinafter "CSEA") to produce, release, and provide complete, unredacted copies of files regarding his child support in cases 5-09-20 and 5-09-21. In this consolidated appeal, Brown contends that the trial court erred and abused its discretion when it failed to grant his motions based on R.C. 3125.15 and 3125.16, and Ohio Adm. Code §5101:12-1-20.1, and, that it was reversible error for the trial court to rule on his motion without giving Plaintiff-Appellees, Kathleen A. Hageman and Tina Boone, nka Johnson, the opportunity to respond. Based upon the following, we affirm the judgments of the trial court.

-2-

**{¶3}** Brown and Kathleen Hageman are the parents of Frank IV (D.O.B. April 21, 1992), Caleb (D.O.B. July 10, 1993), Garrett (D.O.B. June 22, 1996), and Alicia (D.O.B. January 28, 2000). Brown and Kathleen never married. Brown and Tina Boone are the parents of Whitney (D.O.B. May 8, 1988), and also never married.

**{¶4}** In 1989, the trial court ordered Brown to pay Tina child support for Whitney. In 2002, the trial court granted Kathleen custody of the Hageman children, and, in 2003, the trial court ordered Brown to pay Kathleen $332.07 in child support per month for the Hageman children. Thereafter, in 2008, Brown filed motions attempting to decrease his child support payments due to his incarceration, which the trial court denied and this Court affirmed. See *Hageman v. Brown*, 3d Dist. No. 5-07-35, 2008-Ohio-3218. Additionally, in 2009, while incarcerated, Brown sought certain parental rights with Frank IV, including the right to the child's current address pursuant to R.C. 3109.051(H)(1), which the trial court denied. On appeal, this Court affirmed the trial court's decision on the basis that Brown did not object to the magistrate's decision denying him the requested information, thereby waiving any error. See *In re Frank Brown*, 3d Dist. No. 13-08-46, 2009-Ohio-2192.

**{¶5}** In May 2009, Brown filed pro se motions pursuant to R.C. 3125.15 and 3125.16, and Ohio Adm. Code 5101:12-1-20.1(H), requesting the trial court order the CSEA to "immediately produce, release and provide complete,

unredacted copies of the entire casefiles [sic] of [cases 5-09-20 and 5-09-21]."

Shortly thereafter, the trial court denied his requests based on the authority of this

Court's decision in *In re Frank Brown*, supra.

{¶6} It is from these judgments that Brown appeals, presenting the

following pro se assignments of error for our review.

### Assignment of Error No. I

**THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION WHEN IT FAILED TO GRANT DEFENDANT'S MOTION BASED ON A SELF-EXECUTING OHIO REVISED CODE STATUTE AND [THE] OHIO ADMINISTRATIVE CODE, AND UPHOLD THE LAW AS MANDATED BY THE OATH OF OFFICE TAKEN BY THE MAGISTRATE AND JUDGE OF THE JUVENILE COURT.**

### Assignment of Error No. II

**IT WAS REVERSIBLE ERROR FOR THE TRIAL COURT TO RULE ON DEFENDANT'S MOTION WITHOUT GIVING THE PLAINTIFF(S) THE OPPORTUNITY TO RESPOND AS PERMITTED IN OHIO R. CIV. PROC. 7(B)(2), JUV. R. PROC. 19, AND HANCOCK COUNTY LOC. R. 1.15 A.**

### Assignment of Error No. I

{¶7} In his first assignment of error, Brown contends that the trial court

erred because it declined to grant his motions. Specifically, Brown asserts that, as

an obligor to pay child support, he was entitled to request copies of all records of

his support orders pursuant to R.C. 3125.15 and 3125.16, and Ohio Adm. Code

5101:12-1-20.1.

{¶8} R.C. 3125.15 governs maintenance of records of support orders and provides that "[a] child support enforcement agency shall maintain records of support orders being administered or otherwise handled by the agency pursuant to sections 3121.81 to 3121.86 of the Revised Code." Additionally, R.C. 3125.16 governs review of records by an obligor, and provides that "[e]ach obligor and each obligee under a support order may review all records maintained under section 3125.15 of the Revised Code that pertain to the support order and any other information maintained by the child support enforcement agency, *except to the extent prohibited by state or federal law*." (Emphasis added). Further, Ohio Adm. Code 5101:12-1-20.1 provides, in pertinent part:

> **(A) This rule describes the requirements for the use, protection, and dissemination of information that is collected and maintained by an agency in the performance of support enforcement program functions. For purposes of this rule, "inspect" means that an authorized person may view any document containing information about the individual.**
> **(B) The agency shall only disclose information for purposes directly connected with any of the following:**
> **(1) The support enforcement program * * ***
> **\* \* \***
> **(F) Only information concerning the individual may be disclosed. Information about any other individual in the case may not be disclosed and must be redacted from any document that will be disclosed to the authorized person unless the agency receives written permission from the other individual.**
> **\* \* \***
> **(H) In accordance with section 3125.16 of the Revised Code, the obligor and obligee in a support order may review and request copies of all records that pertain to the support order and any other information about which the person is the subject that is maintained by the agency**

{¶9} Initially, we note that Brown's argument presents an issue of first impression for this Court, and, it appears, for Ohio, as we can find no cases interpreting, or even referencing, this administrative code provision.

{¶10} Although Brown is correct that R.C. 3125.16 permits obligors under support orders to review all records maintained pursuant to R.C. 3125.15 pertaining to that support order, he ignores the statute's express limitation: "* * * except to the extent prohibited by state or federal law." R.C. 3125.16. Although Ohio Adm. Code 5101:12-1-20.1(H) reiterates the right of an obligor to obtain records pertaining to a support order pursuant to R.C. 3125.16, subsection (F) limits that right, providing that:

> **[o]nly information concerning the individual may be disclosed. Information about any other individual in the case may not be disclosed and must be redacted from any document that will be disclosed to the authorized person unless the agency receives written permission from the other individual.**

We interpret this provision as limiting the records Brown may review to those concerning himself (the individual), and that any information about other individuals contained in the records, including Brown's children, is required to be redacted from the records absent written permission.

{¶11} Here, Brown sought "complete, unredacted copies" of the entire case files of the child support cases for which he was the obligor. This broad request would necessarily contain information to which he was not entitled to

receive pursuant to the limitations in Ohio Adm. Code 5101:12-1-20.1(F). Thus, we find that the trial court did not err in denying Brown's requests.

{¶12} Accordingly, we overrule Brown's first assignment of error.

*Assignment of Error No. II*

{¶13} In his second assignment of error, Brown argues that the trial court erred when it ruled on his motions without giving Kathleen and Tina the opportunity to respond. Specifically, Brown contends that Civ.R. 7(B)(2), Juv.R. 19, and Hancock County Loc.R. 1.15(A), required the trial court to wait at least fourteen days before ruling on his motions, and that the trial court waited only four days. We find that Brown lacks standing to raise this issue.

{¶14} "'It is well established in Ohio that an appeal lies only on behalf of a party aggrieved. Such party must be able to show that he has a present interest in the subject matter of the litigation and that he has been prejudiced by the judgment of the lower court.' One may not challenge an alleged error committed against a non-appealing party absent a showing that the challenger has been prejudiced by the alleged error." *In re Sherman*, 3d Dist. Nos. 5-06-21, 5-06-22, 5-06-23, 2006-Ohio-6485, ¶8, quoting *In re D.H.*, 8th Dist. No. 82533, 2003-Ohio-6478, ¶7, citing *In re Love* (1969), 19 Ohio St.2d 111; *In re Cook*, 3d Dist. No. 5-98-16, 1998 WL 719524.

{¶15} Here, neither Kathleen nor Tina appealed from the trial court's decision, and Brown has not demonstrated that he was prejudiced by the trial

court's actions. Accordingly, Brown has no standing to raise this issue on behalf of Kathleen or Tina.

{¶16} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgments of the trial court.

*Judgments Affirmed*

**WILLAMOWSKI and SHAW, J.J., concur.**

**/jnc**