OPINION
{¶ 1} Defendant-appellant Robert Barnhouse appeals from: (1) an order of the Clark County Court of Common Pleas, Domestic Relations Division, Juvenile Section, finding that plaintiff-appellee Regina Thomas was not in contempt for failing to pay child support or medical expenses; (2) an order dispensing with a nunc pro tunc entry; and (3) an order denying a modification of child support that failed to include child care expenses in the computation worksheet.
 {¶ 2} Barnhouse contends that the trial court's failure to find Thomas in contempt for failing to pay child support is against the manifest weight of the evidence, because Thomas admitted she failed to pay child support on a regular basis. From our review of the record, we conclude that the trial court did not abuse its discretion, and that the trial court's failure to find Thomas in contempt for failing to pay child support is not against the manifest weight of the evidence.
 {¶ 3} Barnhouse also contends that the trial court erred when it failed to find Thomas in contempt for failing to pay medical expenses, because a finding of contempt is compelled by the manifest weight of the evidence. We conclude that a review of the record in this case indicates that the trial court did not abuse its discretion in failing to find Thomas in contempt for failing to pay medical expenses.
 {¶ 4} Barnhouse further contends that the trial court erred in dispensing with the nunc pro tunc entry without a hearing, and that this ruling is against the manifest weight of the evidence. The record reflects that the trial court gave notice of a hearing regarding the nunc pro tunc entry and held a hearing that both parties attended. After the hearing, the trial court entered an order dispensing with the nunc pro tunc entry. Based on the record, we cannot conclude that the trial court's vacation of the nunc pro tunc entry was against the manifest weight of the evidence.
 {¶ 5} Barnhouse contends that the trial court erred in failing to add to the computation worksheet, for computing court-ordered child support, the $100 a week in child care expenses he pays. We conclude that the trial court did not abuse its discretion when it did not add these child care expenses in the computation worksheet. We further conclude that Barnhouse obtained all of the relief he was seeking in the trial court on this issue, which was the denial of Thomas's motion for a reduction in court-ordered child support. Therefore, even if the trial court erred in failing to include Barnhouse's weekly child care expenses, the error was harmless.
 {¶ 6} Accordingly, the judgment of the trial court is affirmed.
 I {¶ 7} Robert Barnhouse and Regina Thomas had a relationship in which they lived together, off and on, between 1995 and 1998, but were never married. In 1995, Thomas gave birth to their child. The parties agreed to participate in a Shared Parenting Plan in 1996. However, both parties later sought to be designated the sole residential parent and legal custodian of their minor child. In August, 2001, Robert Barnhouse was designated the sole residential parent and legal custodian of the minor child. Thomas was granted visitation of the minor child including "every summer from June 15 at noon until August 15 at noon, every Christmas holiday from December 25 at 6:00 p.m. until January 1 at 6:00 p.m., and every spring break from the following last day of school prior to spring break at noon until the day prior to the start of school following spring break at noon." Thomas was ordered to pay Barnhouse child support in the sum of $321 per month plus costs. Barnhouse was granted the right to claim the minor child as a dependent for tax purposes and was ordered to maintain medical insurance for the minor child and pay the first $100 each year of medical expenses incurred for the minor child. Barnhouse was to pay 59% and Thomas was to pay 41% of the remaining medical expenses, not paid for by insurance, for the minor child.
 {¶ 8} In December, 2001, Barnhouse moved for an order finding Thomas in contempt for failing to pay child support and her portion of the medical expenses for their minor child. In January, 2002, Thomas moved for an order modifying her visitation with the minor child. In February, 2002, an agreed order was filed modifying visitation to allow Thomas to have visitation with the minor child pursuant to the Standard Order of Visitation.
 {¶ 9} In June, 2002, Barnhouse moved for an order finding Thomas in contempt for failing to return the minor child at the time specified in the order. Thereafter, Thomas filed a motion to modify child support and a motion for change of custody requesting that she be named the residential parent and legal custodian of the minor child. In July, 2002, Barnhouse moved for an order that the parties undergo drug testing. In an agreed entry, the parties were ordered to undergo drug and hair follicle testing.
 {¶ 10} In November, 2002, Barnhouse moved for an order restricting Thomas's visitation with their minor child. Barnhouse again moved for an order finding Thomas in contempt for failing to return the minor child at the specified time, for failing to submit to drug testing, for being in arrears in her child support obligation and for failing to pay her portion of medical expenses for the minor child.
 {¶ 11} The trial court held an evidentiary hearing in January, 2003. At the hearing, Thomas withdrew her motion for change of custody. After the hearing, the trial court overruled Thomas's motion to modify child support, finding that a modification was not warranted, because the change of circumstances would warrant no more than a 10% change in her original obligation.
 {¶ 12} The trial court also overruled Barnhouse's December, 2001 motion for contempt for failing to pay child support and medical expenses. The trial court found that it had not been provided with sufficient evidence to establish contempt for failure to pay child support, because it was not provided with Thomas's child support payment history. In addition, although testimony indicated Thomas had been delinquent at one point, the trial court found that testimony also showed that she was current with her payments at the time of the hearing. The trial court also found that it was not provided with sufficient evidence to establish contempt for failure to pay medical expenses, because no evidence was submitted regarding bills for the medical expenses, and Thomas testified that she was current with her payments for medical expenses. The trial court overruled Barnhouse's June, 2002 motion for contempt, for failing to return the minor child at the court specified time, finding that Thomas's actions on the one isolated date were not unreasonable.
 {¶ 13} Based on the foregoing reasons, the trial court also overruled Barnhouse's November, 2002 motion for contempt, in part, for failing to pay child support, failing to pay medical expenses, and failing to return the minor child at the court specified time. The trial court sustained Barnhouse's November, 2002 motion for contempt for Thomas's failure to submit to drug testing, because Thomas admitted she had not participated in the court-ordered testing. The trial court also sustained Barnhouse's November, 2002 motion for supervised visitations, finding that it was in the child's best interest that Thomas continue with her current visitation schedule, as established in the August, 2001 order, with the stipulation that her visitation be supervised by Thomas's friend, Cynthia Brown, and upon the condition that she participate in individual and family counseling.
 {¶ 14} Without a hearing, the trial court then filed a nunc pro tunc entry finding that the February, 2003 order, which referred to the August, 2001 order, when sustaining Barnhouse's motion for supervised visitation, should be corrected to specifically refer to the February, 2002 order, subject to the February, 2003 order. The trial court then ordered a hearing on the matter. Thereafter, the trial court ordered that the nunc pro tunc entry be dispensed with and that the February, 2003 order remain in full force and effect. From the orders of the trial court denying a finding of contempt against Thomas, dispensing with the nunc pro tunc entry, and denying a modification of child support that failed to include child care expenses in the computation worksheet, Barnhouse appeals.
 II {¶ 15} Barnhouse's First Assignment of Error is as follows:
 {¶ 16} "THE COURT ERRED BY FAILING TO FIND THE PLAINTIFF IN CONTEMPT OF COURT FOR FAILING TO PAY CHILD SUPPORT WHICH ORDER WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 17} Barnhouse contends that the trial court's failure to find Thomas in contempt for failing to pay child support is against the manifest weight of the evidence, because Thomas admitted she failed to pay child support on a regular basis.
 {¶ 18} A trial court's decision in a contempt proceeding will not be reversed by an appellate court, unless the trial court abused its discretion. Waggoner v. Waggoner, Greene App. No. 2002-CA-126, 2003-Ohio-4719, at ¶ 27 (citation omitted). "The term `abuse of discretion' . . . implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (citations omitted). "On a claim that a judgment is against the manifest weight of the evidence, a reviewing court is guided by the statement that `judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.' C.E. Morris Co. v. Foley ConstructionCo. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus. Furthermore, we must presume the findings of the trial court are correct because the trial judge is best able to observe the witnesses and use those observations in weighing the credibility of the testimony. Seasons CoalCo. v. Cleveland (1984), 10 Ohio St.3d 77, 81, 461 N.E.2d 1273."Waggoner, at ¶ 10.
 {¶ 19} Barnhouse testified that Thomas was one month behind in her child support payments at the time of the hearing. Barnhouse also testified that he had received a $654 payment from Thomas in the week or two before the hearing and a $900 payment prior to that payment. Thomas testified that she was current on her child support payments at the time of the hearing, and that she had made her last payment for the months of December and January to the Child Support Enforcement Agency, ten days prior to the hearing. Thomas testified that she had previously contacted the case manager at the Clark County Child Support Enforcement Agency to determine her arrearage in child support payments. Thomas testified that the case manager informed her she needed to make a $983 payment to be current, and Thomas testified that she made the payment. Thomas testified that after the $983 payment, she continued to make monthly payments. Thomas also testified that when she later determined that she was not current, but a month behind, she made an additional payment. Thomas testified that she recognized her child support payments were not made on a regular basis, but that the delay was due to her being sick and unemployed for a period of time.
 {¶ 20} A review of the record in this case indicates that the trial court did not abuse its discretion, and that the trial court's failure to find Thomas in contempt for failing to pay child support is not against the manifest weight of the evidence. The record does not include any documentation reflecting Thomas's child support payment history, and the only evidence, regarding the fulfillment of Thomas's child support obligations, is the testimony of Thomas and Barnhouse. The trial judge was best able to observe Barnhouse and Thomas as witnesses and use those observations in weighing the credibility of the testimony to determine that Thomas was current with her child support payments, despite her recognition that her child support payments were not made on a regular basis. We conclude that the trial court was not unreasonable, arbitrary or unconscionable in finding that Thomas was not in contempt for failing to pay child support.
 {¶ 21} Barnhouse's First Assignment of Error is overruled.
 III {¶ 22} Barnhouse's Second Assignment of Error is as follows:
 {¶ 23} "THE COURT ERRED IN FAILING TO FIND THE PLAINTIFF IN CONTEMPT FOR FAILING TO PAY MEDICAL EXPENSES WHEN SAID CONTEMPT WAS SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 24} Barnhouse contends that the trial court erred when it failed to find Thomas in contempt for failing to pay medical expenses, because a finding of contempt was compelled by the manifest weight of the evidence. (In other words, Barnhouse argues that the trial court's failure to have found Thomas in contempt was against the manifest weight of the evidence. In close cases, a trial court's finding either way on a disputed issue of fact may not be against the manifest weight of the evidence.)
 {¶ 25} Barnhouse testified that he notified Thomas by certified mail of her payment obligations for their minor child's medical expenses, and that he received only two payments from Thomas in the past seventeen months. Barnhouse testified that Thomas owed him over $1,200 in medical expenses, but that he did not have a breakdown of how he arrived at the $1,200 figure. Barnhouse also testified that he did not have a record of payments from Thomas with him. Thomas testified that she was current on her payments for medical expenses. Thomas also testified that she made payments for the minor child's medication, but not for the counseling, because she did not believe she was responsible for the counseling bills since she was not involved or notified of the counseling. On cross-examination, Thomas testified that she had not received or paid three particular medical bills, although she admitted she probably received messages from her postman regarding attempted delivery of the bills.
 {¶ 26} A review of the record in this case indicates that the trial court did not abuse its discretion in failing to find Thomas in contempt for failing to pay medical expenses. The record does not include any documentation reflecting the accumulation of medical expenses, and the only evidence, regarding the fulfillment of Thomas's medical expense obligations, was the testimony of Thomas and Barnhouse. The trial judge was best able to observe Barnhouse and Thomas as witnesses and use those observations in weighing the credibility of the testimony to determine that Thomas was not in contempt for failing to pay medical expenses. We conclude that the trial court was not unreasonable, arbitrary or unconscionable in finding that it had not been provided with sufficient evidence to establish that Thomas was in contempt for failing to pay medical expenses.
 {¶ 27} Therefore, Barnhouse's Second Assignment of Error is overruled.
 IV {¶ 28} Barnhouse's Third Assignment of Error is as follows:
 {¶ 29} "THE COURT ERRED IN FILING ITS ENTRY DATED MARCH 11, 2003 WHEREIN THE COURT, WITHOUT HEARING, DISPENSED WITH THE NUN[C] PRO TUNC ENTRY FILED FEBRUARY 18, 2003 WITHOUT A FURTHER HEARING, AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE [SIC]."
 {¶ 30} Barnhouse contends that the trial court erred in dispensing with the nunc pro tunc entry without a hearing, and that its ruling is against the manifest weight of the evidence. Barnhouse contends that the trial court intended Thomas's visitation with the minor child to take place in Clark County, Ohio, because the trial court ordered visitation to be supervised by Cynthia Brown, who resides in Clark County, Ohio. As a result, Barnhouse contends that extended visitations, pursuant to the August, 2001 order, are not consistent with the trial court's intentions.
 {¶ 31} The record reflects that the trial court gave notice of a hearing regarding the nunc pro tunc entry and held a hearing, which both parties attended. After the hearing, the trial court entered an order dispensing with the nunc pro tunc entry. Based on the record, we cannot conclude that the trial court's vacation of the nunc pro tunc entry was against the manifest weight of the evidence.
 {¶ 32} Therefore, Barnhouse's Third Assignment of Error is overruled.
 V {¶ 33} Barnhouse's Fourth Assignment of Error is as follows:
 {¶ 34} "THE COURT ERRED IN FAILING TO ADD IN THE COMPUTATION WORK SHEET THE $100.00 PER WEEK THAT THE DEFENDANT/APPELLANT PAYS FOR DAYCARE EXPENSE FOR THE MINOR CHILD."
 {¶ 35} A trial court's decision regarding the modification of child support will not be reversed by an appellate court unless the trial court abuses its discretion. Surface v. Grottla Kennedy, Clark App. No. 2001 CA 94, 2002-Ohio-1894, 2002 WL 628647, at *2 (citation omitted).
 {¶ 36} Barnhouse testified that he pays child care costs of approximately $100 a week. The record does not include any documentation of child care expenses by Barnhouse, and the only available evidence was Barnhouse's testimony. Although the child care costs were not disputed by Thomas, at no point did Barnhouse indicate he was seeking an increase in child support. Rather, Barnhouse was disputing Thomas's motion for modification of child support, in which she was seeking a decrease in payment of child support. We conclude that the trial court was not unreasonable, arbitrary or unconscionable when it did not add the $100 a week of child care expenses in the computation worksheet.
 {¶ 37} In any event, even if the trial court did err in failing to include Barnhouse's weekly child care expenses, this error is harmless in view of the fact that on this issue — the amount of child support — Barnhouse got all of the relief he was seeking in the trial court, which was the denial of Thomas's motion to reduce the child support award. Barnhouse's Fourth Assignment of Error is overruled.
 VI {¶ 38} All of Barnhouse's Assignments of Error having been overruled, the judgment of the trial court is affirmed.
Grady and Young, JJ., concur.