DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a motion for disqualification of counsel, granted by the Huron County Court of Common Pleas. Because we conclude that the court did not abuse its discretion, we affirm the trial court's decision.
 {¶ 2} Appellant is Tammy M.R. In August 2002, appellant's attorney, Thomas McGuire, was hired by the Huron County Child Support Enforcement Agency ("CSEA") as a Title IV-D attorney. The responsibilities of a Title IV-D attorney include ensuring the correctness of administrative review numbers, writing motions, and submitting judgment entries regarding child support.
 {¶ 3} At some point during the course of his employment with CSEA, appellant's counsel met with appellee, Randal O., regarding adjustments to his child support. Appellee was informed that McGuire was an attorney for the agency and that he could not give appellee any legal advice. Appellee proceeded to discuss his situation with Mr. McGuire. After the meeting, an administrative review process took place for a recalculation of child support. The findings of this review meeting were sent to CSEA. At this point, attorney McGuire prepared, signed, and submitted to the court a motion and judgment entry adopting the agency's findings.
 {¶ 4} On October 20, 2003, appellant filed a motion to modify the reduction in child support. At a pretrial hearing on January 5, 2004, attorney McGuire, who had left CSEA in September 2003, appeared on behalf of appellant. One week later, appellee filed a motion to disqualify attorney McGuire from representing appellant. The trial court granted the motion and this appeal followed.
 {¶ 5} On appeal, appellant raises the following two assignments of error:
 {¶ 6} "The trial court erred and abused its discretion in disqualifying defendant's counsel where no attorney-client relationship was formed."
 {¶ 7} "The trial court erred and abused its discretion in finding that attorney McGuire's participation in the matter would violate DR 9-101(b) and therefore that disqualification is warranted."
 {¶ 8} Taking both assignments of error together, we are being asked to determine whether the trial court abused its discretion by granting appellee's motion for disqualification of counsel.
 {¶ 9} "A trial court has wide discretion in the consideration of motions to disqualify counsel, and a trial court's determination will not be reversed upon review in the absence of an abuse of that discretion." Centimark Corp. v. Brown SprinklerServices (1993), 85 Ohio App.3d 485, 487. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, quoting State v. Adams (1980), 62 Ohio St.2d 151,157.
 {¶ 10} A trial court, in ruling on a motion for disqualification of an attorney, should use the following three-part analysis: "(1) Is there a substantial relationship between the matter at issue and the matter of the former firm's prior representation; (2) If there is a substantial relationship between these matters, is the presumption of shared confidences within the former firm rebutted by evidence that the attorney had no personal contact with or knowledge of the related matter; and (3) If the attorney did have personal contact with or knowledge of the related matter, did the new law firm erect adequate and timely screens to rebut a presumption of shared confidences with the new firm so as to avoid imputed disqualification?" Kala v.Aluminum Smelting Ref. Co. (1998), 81 Ohio St.3d 1, syllabus.
 {¶ 11} Here, the trial court correctly applied this test. The record reveals that the issues of this case are substantially related to the issues involving attorney McGuire's work while employed with CSEA. The record also supports the third step by establishing that the law firm representing appellant failed to take the necessary precautions to avoid any appearances of impropriety by allowing attorney McGuire to appear on behalf of appellant.
 {¶ 12} In applying the second prong of this test, the trial court made the following analysis: "The phrase `presumption of shared confidences within CSEA' is not particularly applicable to this case. Here there can be no contention that the [appellee] had a reasonable belief that Mr. McGuire was, when he was employed at CSEA, acting as an attorney for the [appellee]. [Appellee] acknowledges that he was specifically told by Mr. McGuire that he was not his attorney, could not represent him and could not give him legal advice. Any confidences shared by [appellee] with Attorney McGuire were not shared in an attorney client relationship. But that does not end our inquiry.
 {¶ 13} "Disciplinary Rule 9-101(b) provides that `[a] lawyer shall not accept private employment in a matter in which he had a substantial responsibility while he was a public employee.'
 {¶ 14} "Here Mr. McGuire had a substantial responsibility in the matter when it was before the CSEA. It was his duty to review the administrative determination and present it to the court for adoption. If he was doing his job, he clearly had personal contact with and knowledge about the matter when he reviewed it and prepared the motion for its adoption by the court. Even if the motion was prepared by his secretary under his supervision, his responsibility for the matter was not merely ministerial. His review and drafting of the motion and proposed judgment entry were critical steps in the modification of [appellee's] child support obligation and without which the modification would not have occurred. His signature on the motion requesting the court's approval of the administrative determination was his representation to the court that he was knowledgeable about the matters contained therein and that the administrative decision constituted a proper determination of [appellee's] child support obligation. Civil Rule 11. Now he is before the court prepared to argue that the CSEA determination was erroneous. Not only does that demonstrate a clear conflict but it gives the appearance of impropriety.
 {¶ 15} "Mr. McGuire clearly had personal contact with and knowledge of the related matter when he worked at CSEA, even if he has forgotten what he knew, and by the nature of his position as the Title IV-D attorney he had a substantial responsibility for the successful implementation of the administrative determination lowering [appellee's] child support."
 {¶ 16} The trial court's decision is supported by the opinion of the Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio. The opinion of the Board concludes that DR 9-101(b) "would prohibit a part-time CSEA attorney from representing in private practice anyone involved in one of his or her CSEA cases." Op. Num. 90-10, at p. 5, June 15, 1990.
 {¶ 17} This court's decision is well reasoned and supported by the law. Consequently, there is no indication that its ruling was arbitrary, unreasonable, or unconscionable, and, thus, we find appellant's assignments of error not well taken.
 {¶ 18} For this reason, the judgment of the Huron County Court of Common Pleas is affirmed. Costs to appellant pursuant to App. R. 24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Knepper, J., Pietrykowski, J., Singer, J., Concur.