OPINION
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} Defendant-appellant Frank C. Brown Jr. ("Brown") brings this appeal from the judgment of the Court of Common Pleas of Hancock County, Juvenile Division denying his motion for contempt.
 {¶ 3} On May 8, 1988, Whitney Boone was born to Tina Boone ("Boone") and Brown, an unmarried couple. The trial court established paternity and ordered child support to be paid by Brown on December 7, 1989. On April 7, 1995, custody was modified and Brown was named residential parent. Brown's duty to pay child support was terminated, though he was still required to pay the arrearages owed at the time. On July 22, 1998, Boone was ordered to pay child support to Brown for Whitney's care. The trial court ruled on September 15, 1998, that Brown had paid all arrearages in child support. On February 4, 2002, custody of Whitney was granted to Kathy Hageman. Custody was again changed on April 12, 2002, when Boone was granted custody. Brown was again ordered to pay child support for Whitney. On or about November 20, 2002, custody was changed to Rita Jones, the maternal grandmother, and Boone was also ordered to pay child support. On June 16, 2003, Brown filed a motion to modify custody due to his incarceration. Brown claimed that his income dropped from $7.00 per hour to $6.00 per month. The trial court overruled this motion based upon the finding that incarceration in not a basis for the modification of custody. No appeal was taken from this judgment. On August 26, 2003, Brown again requested a modification of support. The trial court denied this motion as well. Brown then filed a notice of appeal. The appeal was dismissed on October 29, 2003, for failure to file a docketing statement and the statement and preacipe as required by local rules.
 {¶ 4} On December 14, 2005, the Court of Common Pleas of Hancock County, Probate Division, issued a marriage license for Whitney, then age 17. On February 13, 2006, Brown filed a motion for contempt alleging that Boone and others were in contempt of court for failing to follow the mandates of R.C. 3119.87 and immediately notify Hancock County Child Support Enforcement Agency ("the Agency") of the marriage of Whitney. This motion was overruled by the trial court. Brown appeals from this judgment and raises the following assignments of error.
The trial court erred as a matter of law when it failed tofind [Boone] in contempt of court as mandated by [R.C. 3119.87]for failure to comply with [R.C. 3119.88].
 The trial court erred as a matter of law when it failed toterminate the child support order as mandated by [R.C. 3119.88]in case No. 890451 and case no. 20230009 when it was an activeparticipant in the "legal change of custody" of the minor child.
 The trial court erred as a matter of law when it failed tofollow the requirements of [R.C. 3119.01] when imputed the incomeof [Brown] without making the proper finding of voluntaryunderemployment or unemployment.
 The trial court erred as a matter of law when it failed tofind [Brown's] current income and employment as a change ofcircumstances as defined in [R.C. 3109.01(C)(11)(a), 3109.05(A)and 3119.79] when it denied [Brown's] motion to modify and motionfor recalculation. 
 {¶ 5} The first assignment of error claims that the trial court erred in overruling Brown's motion for contempt based upon the failure to notify the Agency of Whitney's marriage. The statute requires the obligee of a child support order to immediately notify the Agency of any reason why child support should be terminated. R.C. 3119.87. The failure to do so is contempt of court. Id. The obligor may notify the Agency, but is not mandated to do so. Id. A review of the record indicates that Brown put forth no evidence that the obligee in this case did not give notice to the agency. Additionally, Brown does not even allege that they did not do so. Instead, Brown seems to be under the mistaken belief that the marriage is a legal change of custody rather than the emancipation of the child. Finally, the determination whether a party has violated a court order and should be cited for contempt of court is within the sound discretion of the trial court. Thomas v. Barnhouse, 2nd Dist. No. 2003-CA-22, 2004-Ohio-77. Without some allegation that notice was not given, the trial court did not err in denying the motion for contempt. The first assignment of error is overruled.
 {¶ 6} The second, third, and fourth assignments of error all deal with judgments made many years ago. The time for appeal has passed on each of those judgments. Brown either failed to appeal those judgments or failed to prosecute his appeal if one was taken. Thus, the judgments are final and may not be challenged now. The second, third, and fourth assignments of error are overruled.
 {¶ 7} The judgment of the Court of Common Pleas of Hancock County is affirmed.
Judgment affirmed.
 Shaw and Cupp, JJ., concur.