OPINION *Page 2 
{¶ 1} Plaintiff-appellant Amelia A. Ornella nka Amelia A. Aguiar ("Aguiar") brings this appeal from the judgment of the Court of Common Pleas of Hancock County, Domestic Relations Division, concerning the order of child support and denial of her motion to show cause. For the reasons discussed below, the judgment is affirmed.
 {¶ 2} On August 22, 1987, Aguiar and defendant-appellee Gregory A. Ornella ("Ornella") were married. Daughter Laura was born on September 21, 1990, and son Gregory was born on September 8, 1993. On May 19, 2003, Aguiar filed a complaint for divorce. Ornella filed his answer and counterclaim on July 3, 2003. On September 2, 2004, a motion to stay the matter pending reconciliation was filed. However, on September 27, 2004, a notice of reactivation was filed. On July 7, 2006, Aguiar filed a motion to show cause claiming that Ornella had failed to pay child support as ordered. Aguiar then filed a motion to modify temporary child support and spousal support on July 18, 2006. On January 19, 2007, Ornella filed a motion for shared parenting. Ornella filed a motion on July 19, 2007, to show cause claiming that Aguiar was denying him visitation.
 {¶ 3} After several years and attorneys, an initial hearing was held on December 19, 2006. At this hearing, the parties reached an agreement concerning some issues, but others were left pending. The judgment entry setting forth the *Page 3 
terms of this limited agreement was filed on January 29, 2007. On March 13, 2007, Aguiar filed a second motion to show cause alleging that Ornella had failed to attend certain pretrial hearings. A final hearing on all pending motions as well as the complaint and counterclaim for divorce was held on July 19 and 20, 2007. At the hearing, the parties informed the court that an agreement had been reached concerning the majority of the issues. The parties stipulated that the trial court needed to resolve issues concerning the distribution of 12 items of personal property, child support, and transportation of the children to and from visits. On September 24, 2007, the trial court entered judgment granting the divorce and ordering that the agreement be implemented. The trial court retained jurisdiction to resolve the outstanding issues at a later time. A hearing was held on October 12, 2007, concerning the outstanding issues. On November 9, 2007, the trial court entered judgment ordering Ornella to pay back child support in the amount of $4,659.62, overruled the motion to modify child support, required each party to provide transportation of the children to I-75 exit 24/25, ordered child support in the amount of $1,555.01 per month plus processing fees, split the outstanding costs, and overruled all pending motions to show cause, and overruled all other outstanding motions. Aguiar appeals from this judgment and raises the following assignments of error. *Page 4 
 First Assignment of Error The trial court erred in failing to consider the need and standard of living of the children and of the parties in its calculation of child support.
 Second Assignment of Error The trial court erred by failing to make a contempt finding.
 Third Assignment of Error The trial court erred in requiring [Aguiar] to provide the majority of transportation relating to [Ornella's] companionship time.
 {¶ 4} Aguiar claims in the first assignment of error that the trial court failed to consider the needs and standard of living of the children when determining child support. When the combined income of the parties exceeds $150,000, as it does in this case, R.C. 3119.04(B) controls the determination of child support.
 If the combined gross income of both parents is greater than one hundred fifty thousand dollars per year, the court, with respect to a court child support order * * * shall determine the amount of the obligor's child support needs and the standard of living of the children who are the subject of the child support order and of the parents. The court or agency shall compute a basic combined child support obligation that is no less than the obligation that would have been computed under the basic child support schedule and applicable worksheet for a combined gross income of one hundred fifty thousand dollars, unless the court or agency determines that it would be unjust or inappropriate and would not be in the best interest of the child, obligor, or obligee to order that amount. If the court or agency makes such a *Page 5 determination, it shall enter in the journal the figure, determination, and findings.
 {¶ 5} R.C. 3119.04(B). Thus, as long as the amount ordered is not less than if the combined gross income of both parents was $150,000, the trial court need not make any specific findings.
 {¶ 6} Here, Aguiar claims that the trial court failed to consider the needs and standard of living of the children when income was capped at $150,000. The trial court ordered support based upon this figure and ordered support according to the worksheet without deviation. Aguiar claims that this amount is insufficient to address the needs and standard of living of the children. She made this same argument at the hearing and the trial court did consider her testimony. Specifically, Aguiar testifed concerning her lack of funds in 2005, as follows.
 Q. Why was it not enough money?
 A. Because we were accustom (sic) to living a certain lifestyle, and the children were accustom (sic) to living a certain lifestyle, and there were expenses, things that they needed. It just didn't cover it. That's why I took out the [student] loans that I took out.
 Q. Can you give me an example of things you were not able to afford during those time periods?
 A. There was (sic) lots that I couldn't afford. I had to cut back on a lot of things. Just — I couldn't buy them nearly the amount of clothing that I was used to buying them. I know that I had to cut back on Laura's singing lessons because those were getting costly at one point in time. I can't really think. Also *Page 6 other miscellaneous smaller items. They didn't get the things that they really wanted at that time. I was watching how I was spending the money, because I knew I was taking out student loans.
July 20, 2007, hearing, Tr. 31-32. However, Aguiar also testified that the children were still able to participate in all of their activities. Tr. 44-47. She also testified that since her separation, she has purchased for herself a laptop computer, a video camera, a desktop computer, new furniture, and two new vehicles. Tr. 47-50. The trial court determined that there was "insufficient evidence of a specific need of the children for the past period and no evidence that their standard of living has suffered." Nov. 9, 2007, Judgment, 2. Additionally, Aguiar testified that due to her increased education level, she had obtained better employment which will substantially increase her income.[1] Oct. 12, 2007, hearing, Tr. 7. The testimony indicated that the average of the past four years of income provided that Ornella had earned approximately $182,000 while Aguiar had earned approximately $32,000. This gave percentages for child support calculations at approximately 85% for Ornella and 15% for Aguiar even though in the future, the actual difference will be substantially less. Based upon all of this evidence, the trial court did not err in determining that Aguiar had not demonstrated that the *Page 7 
children's needs would not be met or that they could not maintain their standard of living on the support granted. Thus, the trial court did not err in capping the income at $150,000 for child support purposes and the first assignment of error is overruled.
 {¶ 7} In the second assignment of error, Aguiar claims that the trial court erred by failing to find Ornella in contempt of court. Aguiar claims that since the trial court found Ornella owed back child support, it had to find that he was in contempt of court for not timely paying that support. This court has previously addressed this issue inBoone v. Brown, 3d Dist. No. 5-06-14, 2006-Ohio-5967.[2] InBoone, the movant was claiming that the respondent was in contempt for failing to timely notify child support enforcement of the marriage of the minor. A review of the record in Boone clearly revealed that the respondent had failed to timely notify child support enforcement of the marriage of the daughter as required by statute and that the failure to do so is contempt of court. Id. at ¶ 5. "[T]he determination whether a party has violated a court order and should be cited for contempt is within the sound discretion of the trial court." Id.
 {¶ 8} Here Aguiar claims that the failure of the trial court to make a finding of contempt is unreasonable because "the court has failed to provide any deterrent to future unilateral activities by [Ornella] and has in essence made *Page 8 
[Ornella's] payment of child support optional." This court finds this argument to be unpersuasive as to why the trial court's decision was unreasonable. The trial court has the authority to address any "future unilateral activities" if they occur and in any manner allowed by law.[3] Additionally, the trial court ordered that all back child support, as determined by the trial court, would be paid within 30 days of the order, thus making Augiar whole. Since Aguiar has suffered no loss, the only reason for the complaint is that she does not believe Ornella was sufficiently punished. The trial court's objective is not to punish a party to the satisfaction of the other party, but rather to insure that court orders are followed. The trial court has done so. The trial court determined, based upon the evidence before it, that "[a]ny remaining motions * * * relating to requests by one party or the other for contempt findings by the Court, any motions relating to financial remedies for or against [Aguiar] or [Ornella], are found in the interest of justice to be overruled at this point." October 12, 2007, Tr. 13. The trial court did this because it determined that it was time for the parties, after more than four years of squabbling, to finally move on with their lives and raise their children. Id. This determination is not unreasonable given the record before the trial court.
 {¶ 9} Additionally, any contempt in this case would be civil in nature *Page 9 
since the order disobeyed was for the benefit of a party. State v.Sandlin (1983), 11 Ohio App.3d 84, 463 N.E.2d 85. A sanction for civil contempt must allow for purging. Id. If Ornella complies with the October 12, 2007, judgment, any contempt alleged would be purged as the back child support would be paid. Regardless of how the facts are viewed, Aguiar is made whole by the judgment and therefore has not suffered any prejudice by the trial court's order. The trial court did not abuse its discretion in overruling the motions to show cause and the second assignment of error is overruled.
 {¶ 10} Finally, Aguiar claims that the trial court erred by ordering that the exchange of children occur at I-75 Exit 24/25. "The courts decision in regards to visitation must be unreasonable, arbitrary, or unconscionable in order to constitute an abuse of discretion."Sterbling v. Sterbling (1987), 35 Ohio App.3d 68, 71, 519 N.E.2d 673. The evidence before the trial court was that Aguiar resides in Findlay, Ohio. Ornella resides in Louisville, Kentucky. This court notes that the trial court found that this exchange location was approximately half way between the residences. This court agrees with that finding. Although Ornella testified that he sometimes visits with the children at his property near Cincinnati, Ohio, this property is not his residence. He still must drive from Louisville to reach that property. Thus, the trial court clearly did not abuse its discretion by ordering *Page 10 
Aguiar to meet Ornella half way for the exchange of the children. The third assignment of error is overruled.
 {¶ 11} The judgment of the Court of Common Pleas of Hancock County, Domestic Relations Division is affirmed.
Judgment affirmed.
 SHAW, P.J., and ROGERS, J., concur.
[1] Aguiar's income was expected to increase from $11,148 in 2006 to $70,648 in 2007.
[2] Interestingly, both parties cite this case in support of their respective positions.
[3] This court notes that the trial court also refused to find Aguiar in contempt for interfering with visitation. This offense is one which cannot be remedied by ordering Aguiar to pay money as Ornella cannot gain the time back. *Page 1