OPINION
{¶ 1} The defendant-appellant, Amber Van Scoder, appeals the judgment of the Paulding County Common Pleas Court denying her motions for reallocation of parental rights and contempt. On appeal, Amber contends the trial court's judgment is against the manifest weight of the evidence. For the reasons set forth herein, we affirm the judgment of the trial court.
 {¶ 2} On September 5, 2006, the plaintiff-appellee, Michael Van Scoder, filed a complaint for divorce. Amber never filed an answer, but on April 3, 2007, the parties filed a separation agreement, which the trial court adopted as part of its final judgment. The parties agreed that Michael would be the residential parent of the parties' three minor children and Amber would have "liberal visitation." Were Michael and Amber not able to agree on visitation, the agreement provided that Amber's visitation would "revert to the Court's standard visitation Order, the same being incorporated herein fully by reference."
 {¶ 3} On November 16, 2007, Amber filed a motion for reallocation of parental rights and a motion for contempt. Amber alleged that one of the minor children had human bite marks and burns, which required hospitalization, and another minor child was diagnosed with herpes (in the form of cold sores). She alleged that the children were neglected, thus necessitating the reallocation of parental rights. Amber also claimed that Michael should be held in contempt *Page 3 
because he had denied her visitation, changed his phone number without informing her of the new number, and had failed to provide health insurance for the children as required by the court's prior judgment entry.
 {¶ 4} On January 14, 2008, the court filed temporary orders modifying custody. Michael filed a motion for child support on February 8, 2008, and on February 11, the court held an evidentiary hearing on all motions. On March 14, 2008, the court filed its judgment entry finding that Amber had failed to meet her burden of proof, overruling her motions, and granting Michael's motion for child support. Amber appeals the judgment of the trial court, raising four assignments of error for our review.
 First Assignment of Error The trial court abused its discretion and erred and went against the manifest weight of the evidence in overruling Appellant's-Wife's [sic] motion for reallocation of parental rights.
 Second Assignment of Error The trial court abused its discretion and [went] against the manifest weight of the evidence and erred by failing to find a change of circumstances had occurred pursuant to O.R.C. 310[9].04(E)(1)(a).
 Third Assignment of Error The trial court abused it [sic] discretion and [went] against the manifest weight of the evidence and erred by failing to find that reallocating the parental rights to Appellant was necessary to serve the best interest of the children. *Page 4 
 Fourth Assignment of Error The trial court abused its discretion and [went] against the manifest weight of the evidence and erred in overruling Appellant-Wife's motion for contempt.
 {¶ 5} Initially, we note Michael's failure to file an appellee's brief. Pursuant to App. R. 18(C), we "may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." For ease of analysis, we elect to consider the first three assignments of error together.
 {¶ 6} To support the first, second, and third assignments of error, Amber contends that R.C. 3109.04(E)(1)(a) requires the court to determine that a change in circumstances had occurred for the child or the residential parent; that a modification is in the best interest of the child; and that any one of subsections (i), (ii), or (iii) to R.C. 3109.04(E)(1)(a) apply. Amber argues there was a change in circumstances because Michael's home was in foreclosure, Michael was fired from his job in November 2007, Michael continuously denied her visitation with the children despite an agreement reached between them in August 2007, one minor child developed cold sores while in Michael's care, and another minor child was injured by Michael's cats and sustained several bites. Second, Amber claims the trial court did not consider each of the factors in R.C. 3109.04(F) in determining the best interests of the children. Finally, Amber contends that a *Page 5 
change in environment would not be a detriment to the children because she has a larger house, the children have not been integrated into a school system, and the children have been injured while in Michael's care, but not while they were in her care.
 {¶ 7} A trial court's order affecting custody is reviewed for an abuse of discretion. Clark v. Clark, 3d Dist. No. 14-06-56, 2007-Ohio-5771, at ¶ 22, citing Bechtol v. Bechtol (1990), 49 Ohio St.3d 21,550 N.E.2d 178, at syllabus. An "`abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, quoting State v.Adams (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144, internal citations omitted.
 {¶ 8} The parties' separation agreement, incorporated into the court's April 3, 2007 judgment entry, provided in pertinent part:
 The parties shall have a shared parenting arrangement as to their minor children whereby Husband shall be designated the sole residential parent and Wife shall have liberal visitation with the parties' minor children as the parties shall mutually agree. Should the parties not be able to mutually agree as to Wife's visitation time with said children, then her visitation shall revert to the Court's standard visitation Order, the same being incorporated herein fully by reference.
 It is the intention of the parents to be reasonable and flexible in accommodating the visitations of the other party, to consult with one another as to all important issues regarding the children, and not speak ill of the other party in the presence of the *Page 6 children. This provision shall remain subject to the Court's jurisdiction and future modification.
(emphasis added). (J. Entry, Apr. 3, 2007, at Art. VI). Contrary to Amber's assertions, the court's March 14, 2008 judgment entry did not modify parental rights and responsibilities. The evidence adduced at the February 11, 2008 hearing revealed that the parties were unable to agree on Amber's visitation with the children. The court accordingly found it in the children's best interests to name Michael the residential parent and to allow Amber visitation under the court's standard visitation schedule. In so doing, the court merely enforced the contingency provision in its April 3, 2007 judgment entry.
 {¶ 9} In considering the merits of Amber's motion, we cannot find the trial court abused its discretion when it determined that she failed to meet her burden of proof. While one of the minor children was scratched in Michael's care, his new wife, Lynnessa, testified that a kitten had scratched the child, the scratches were treated with antibiotic cream, and the child had healed. Likewise, as to the minor daughter's cold sores, the testimony showed that the child got cold sores after an illness and she picked at them so as to escalate the severity, but she had healed also.
 {¶ 10} Finally, Amber stated that Michael's home was in foreclosure, and she believed she would be able to provide a better environment for the children because of the location and size of the home she would be moving into. However, *Page 7 
Amber testified that she would be living in a home owned by her uncle, she was unemployed, her family members would pay her bills, and she would rely upon family members for child care when she returned to work. Michael admitted losing his job; however, at the time of hearing, he had found other employment. Michael also indicated that he was attempting to save his home from foreclosure by making a payment of $500 per month. Furthermore, the children were enrolled in a day care and otherwise cared for by Michael and/or Lynnessa. On this record, we cannot find that the court abused its discretion when it found Amber had failed to meet her burden of proof. The first, second, and third assignments of error are overruled.
 {¶ 11} In the fourth assignment of error, Amber contends the trial court erred when it overruled her motion for contempt. Amber argues that the separation agreement, adopted by the court, required Michael to provide health insurance for the children, which he failed to maintain. She also claims Michael violated the court's order by denying her visitation with the children.
 {¶ 12} "`[T]he determination whether a party has violated a court order and should be cited for contempt is within the sound discretion of the trial court.'" Ornella v. Ornella, 3d Dist. No. 5-07-50,2008-Ohio-2404, at ¶ 7, quoting Boone v. Brown, 3d Dist. No. 5-06-14,2006-Ohio-5967, at ¶ 5, citing Thomas v. Barnhouse, 2d Dist. No. 2003-CA-22, 2004-Ohio-77. "Civil contempt occurs *Page 8 
when an individual fails to comply with a court order in a civil action that will benefit the opposing party, * * * thereby acting to bring the "`administration of justice into disrespect, or * * * to embarrass, impede or obstruct a court in the performance of its functions.'"Bd. of Twp. Trustees, Millcreek Twp. v. Davisson, 3d Dist. Nos. 14-06-49, 14-06-50, 2007-Ohio-5491, at ¶ 40, quoting Windham Bank v.Tomaszcyzk (1971) 27 Ohio St.2d 55, 271 N.E.2d 815, at paragraph one of the syllabus; citing Pedone v. Pedone (1983), 11 Ohio App.3d 164, 165,463 N.E.2d 656.
 {¶ 13} The movant must prove by clear and convincing evidence "`that the alleged contemnor has failed to comply with the court's prior orders.'" Millcreek Twp., at ¶ 41, quoting Moraine v. Steger Motors,Inc. (1996), 111 Ohio App.3d 265, 268, 675 N.E.2d 1345, citingConTex, Inc. v. Consolidated Technologies, Inc. (1998),40 Ohio App.3d 94, 531 N.E.2d 1353. "`Clear and convincing evidence' has been defined as `that measure or degree of proof which is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" Id., quotingOhio State Bar Assn. v. Reid, 85 Ohio St.3d 327, 331, 1999-Ohio-374,708 N.E.2d 193 (citations omitted). *Page 9 
 {¶ 14} As to health insurance, the separation agreement stated, "Husband shall provide hospital/medical insurance coverage for the parties' minor children as the same shall be available to him at reasonable expense through his employer. Wife shall, if she qualifies, enroll the parties' minor children for Medicaid coverage." (J. Entry, Apr. 13, 2007, at Art. VII). Michael testified that from the time of the court's April 2007 order until August 2007, he was employed at K-mart, where health insurance was available for $47 per week. (Hearing Tr., at 13; 26). From August 2007 until November 2007, Michael was employed at Allied Molding, where health insurance was available after 90 days of employment, and Michael worked at Allied Molding for more than 90 days. (Id. at 26-27). Michael was hired at Kelly Services on January 2, 2008, and apparently had been unemployed between November 2007 and that time. (Id. at 10). Michael testified that health insurance was not available through Kelly Services. (Id. at 11). Michael admitted his failure to insure the children through his employer, and he admitted that the cost of insurance was reasonable when it was available. (Id. at 25; 28). However, Michael explained that he attempted to insure the children, but they were covered under Buckeye Insurance, the state of Ohio's Medicaid program, and he was not able to have them insured twice. (Id. at 27). He also testified that the children "were then moved to Buckeye under my insurance" when he was employed at Allied Molding. (Id. at 28). *Page 10 
 {¶ 15} While Michael admitted that he did not insure the children through his employers, the children already had health insurance through the state, apparently based on Michael's eligibility for Medicaid. The April 3 judgment entry ordered Amber to insure the children through Medicaid if she qualified. While Michael did not technically comply with the court's order, he explained that he was unable to insure them due to their enrollment in Buckeye insurance. The children were insured. On this record, we cannot find that the trial court abused its discretion when it did not find Michael in contempt as to providing health insurance for the children.
 {¶ 16} Amber also argues that Michael should have been held in contempt for refusing to allow her visitation with the children. However, Michael apparently did not violate the court's order in regard to visitation. As stated above, Michael was the residential parent, and Amber was to have "liberal visitation * * * as the parties shallmutually agree." Michael admitted that he refused to allow Amber visitation when requested. Such refusal is obviously a failure to "mutually agree," and the court's April 3 order provided a contingency plan for such an event; i.e., the imposition of the court's standard visitation order. However, the separation agreement, which the court adopted as its order, did not include any provision as to when the standard visitation order would take effect nor is there any evidence in the record that Amber attempted visitation pursuant to *Page 11 
the court's standard visitation order. While Michael appears to have taken advantage of poorly drafted language to keep the children from visitation with their mother, which is certainly objectionable, on this record, we cannot find the trial court abused its discretion. The fourth assignment of error is overruled.
 {¶ 17} The judgment of the Paulding County Common Pleas Court is affirmed.
Judgment Affirmed.
 SHAW, P.J., and PRESTON, J., concur. *Page 1